*In the Matter of the Estate of* JESSIE LEUPP, *Deceased.*[1]

*J. D. Campbell,* for appellant.
*Miller & Freese,* for respondent.

TOLMAN, J.—This is a proceeding under Rem. Comp. Stat., § 1473, as amended by ch. 185, Laws of 1927, p. 230 (Rem. 1927 Sup., § 1473), invoked by the petition of the surviving husband of Jessie Leupp, deceased, seeking the award to him of property of the value of $3,000 in lieu of a homestead.  A judgment creditor objected and contested the application.  The trial court, after a hearing, granted the prayer of the petition.  The objecting creditor has appealed.

Two questions are presented here: First, whether, under the facts shown, the surviving husband was en-

[1]Reported in 279 Pac. 579.

titled to any award in lieu of a homestead; and, second, did the property set off to him exceed in value $3,000?

It appears that respondent and the deceased intermarried in 1911 and lived together as husband and wife until the wife died in January, 1926. During that time, they acquired a contractual interest in a section of land in Adams county, Washington, and some personal property. No administration of the deceased wife's estate was sought until July 21, 1928. In the meantime, the surviving husband traded the contractual interest in the Adams county land for a quarter section of wheat land in Franklin county and, with the proceeds of other community property, acquired five lots, improved with a small house, in Ritzville, where he and his five minor children have since made their home.

In March, 1928, the surviving husband filed a homestead declaration, claiming the Franklin county land as a homestead. Just when he acquired the title to the Franklin county land, does not appear, but presumably he or the estate had the record title at the time of filing the homestead declaration. In the homestead declaration, he recited, "I have acquired same for a homestead and intend to reside thereon, . . ." He did not, however, follow up that declared intention by making his home on the land described in the homestead declaration, and it now appears that there was no habitable house and no water on the land and probably it could not have been occupied as a home for a family without considerable improvement. No notice of abandonment was ever filed of record. It is suggested that, by means of this homestead declaration so filed, the surviving husband sought and secured an injunction restraining appellant from selling the Franklin county land on execution, but, however that may be, the record in the injunction case is not now before us

and, as we now see it, we cannot review that case, nor can we see that that case affects the present issue in any way whatsoever.

■■ The proof is clear. Indeed, both sides assert that the surviving husband never made his home, or actually resided, on the Franklin county land, and therefore the homestead declaration became a mere nullity and, in fact, as the trial court found, the situation was thus brought squarely within the terms of the statute which provides:

"If it shall be made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court after hearing and upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of three thousand dollars. . . ." Rem. 1927 Sup., § 1473.

It is suggested that the filing of the homestead declaration was a fraudulent act, conceived and carried out with the purpose of defrauding creditors and especially the appellant. That may be, but that issue should have been presented and tried out in the injunction case. We can only hold here that the homestead declaration was wholly ineffectual because not followed up by residence, and, being ineffectual, then no homestead was claimed in the manner provided by law and the statutory provisions in such cases must apply.

Much is said in the briefs and in argument with reference to the disposition by the surviving husband of other property of the estate. No such issues are now before us. If, as administrator, he has not properly

accounted, there are well recognized ways of reaching the situation, but this proceeding is not one of them.

On the question of value, the evidence was conflicting. The trial court found that the Franklin county land was of the value of $2,000, and after a careful consideration of all of the testimony upon the subject, we cannot hold that the evidence preponderates against that finding. The values of the other properties making up the $3,000 in value awarded were not contested.

The judgment appealed from is affirmed.

HOLCOMB, FULLERTON, BEALS, and FRENCH, JJ., concur.