[No. 28447. Department Two. November 14, 1941.]

*In the Matter of the Estate of* MEREDITH JONES, *Deceased.*

BESSIE JONES, *Respondent,* v. STANLEY T. JONES *et al.,* *Appellants.*[1]

[1]Reported in 118 P. (2d) 951.

*Pettijohn & McCallum,* for appellants.

*Underwood & Campbell,* for respondent.

BEALS, J.—Meredith and Bessie Jones were for many years husband and wife, residing on a farm in Lincoln county. Meredith Jones died, intestate and childless, April 29, 1940, leaving surviving him, and as his sole heirs at law, his widow, Bessie Jones, and six brothers and sisters. Thereafter Mrs. Jones was appointed administratrix of the estate, and in due time filed inventories of the property thereof, which was later regularly appraised. It appeared that the community estate consisted of household goods, farm equipment, thirty-eight hundred bushels of wheat, and some cash, of the appraised value of $7,346.50.

Mr. Jones owned separate personal property consisting of United States savings bonds of the value of $1,172, and an undivided one-seventh interest in cer-

tain cattle, his interest having been appraised at $232. Mr. Jones also owned as his separate estate an undivided one-seventh interest in real estate consisting of farm and pasture property, which was appraised at $5,997. The real estate and the cattle had been owned by Mr. Jones and his brothers and sisters as tenants in common. Mr. and Mrs. Jones had been occupying a dwelling on one description of the farm property in which he owned an undivided one-seventh interest, under a written contract of lease. Several months after Mr. Jones' death, his widow sold the farming equipment owned by the estate, and moved away from the farm house which she and Mr. Jones had been occupying, the lease thereof expiring in the fall of 1940.

Under the statute of descents, Mrs. Jones would receive the entire community estate and Mr. Jones' separate personalty, together with one-half of his separate real estate, the remaining half of the separate real estate to go to Mr. Jones' brothers and sisters.

Sometime after her appointment as administratrix of the estate, Mrs. Jones filed in the probate proceeding her petition, setting forth the names of Mr. Jones' heirs at law; a description of the different items of property belonging to the estate; the appraisement of the property; that the same was free and clear of encumbrances; that no homestead had been claimed in the manner provided by law, either by Mr. Jones or the petitioner; and that the funeral expenses and the expenses of the last sickness of the deceased, together with the expenses of administration, had been fully paid. The petition further alleged that, up to the time of Mr. Jones' death, he and the petitioner had resided together as husband and wife, occupying as their home a dwelling situated on a portion of the land in which Mr. Jones, as his separate property, owned an un-

divided one-seventh interest; and that it was necessary for the support and maintenance of the petitioner that all of the decedent's interest in and to five parcels of real estate (described in the petition) be awarded to the petitioner as her sole and separate property in lieu of homestead, as provided by Rem. Rev. Stat., § 1473 [P. C. § 9893]. The prayer of the petition was for an order setting over to Bessie Jones the five descriptions of real estate named in the petition.

As, upon the distribution of her husband's estate, Mrs. Jones would receive all of the community property and all of the separate personal estate, it is not difficult to understand why she sought to procure the award of three thousand dollars by way of homestead out of Mr. Jones' separate realty, of which she would receive on distribution only one-half.

The issues upon the petition above referred to having been completed, the other heirs having filed written objections to the award being made to Mrs. Jones out of Mr. Jones' separate realty, the matter was tried to the court, resulting in the entry of an order reciting, *inter alia,* that the total appraised value of the decedent's interest in the separate real estate was the sum of $5,997; that the total appraised value of the household furniture and fixtures was the sum of $252; that the one-seventh interest, belonging to the decedent, in the five parcels of real estate, which Bessie Jones had demanded be awarded to her in lieu of homestead, was appraised at $2,891; and that the value thereof did not exceed three thousand dollars.

The court then awarded to Bessie Jones the interest of her deceased husband in the five parcels of real estate which she demanded, particularly described in the order of award.

From this order, Mr. Jones' brothers and sisters have appealed, assigning error upon the entry of the order;

upon the refusal of the trial court to take from the community property of Mrs. Jones and her deceased husband the award to be made in lieu of homestead; upon the refusal of the court to make such award from Mr. Jones' separate personal property; upon the refusal of the court to include as part of the award the household goods and furniture belonging to Mr. and Mrs. Jones; and upon the refusal of the trial court to exercise its discretion in the selection of the property to be awarded to the widow.

The pertinent portions of Rem. Rev. Stat., §§ 1473, 1474 [P. C. §§ 9893, 9894], read as follows:

"§ 1473. If it shall be made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court after hearing and upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of three thousand dollars ($3,000), exclusive of any mortgage or mechanic's, laborer's or materialmen's or vendor's liens upon the property so set off, which property so set off shall include the home and household goods, if any, and such award shall be made by an order or judgment of the court and shall vest the absolute title, and thereafter there shall be no further administration upon such portion of the estate so set off, but the remainder of the estate shall be settled as other estates: . . .

"§ 1474. In event a homestead has been, or shall be selected in the manner provided by law, whether the selection of such homestead result in vesting the complete or partial title in the survivor, it shall be the duty of the court, upon petition of any person interested, and upon being satisfied that the value thereof does not exceed two thousand dollars ($2,000), exclusive of mortgages, mechanic's, laborer's, materialmen's

or vendor's liens thereon, to enter a decree, upon such notice as the court may determine, setting off and awarding such homestead to the survivor, thereby vesting the title thereto in fee simple in the survivor. In addition thereto, the court, upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, shall set off and award to such survivor, other property, either separate or community, not to exceed one thousand dollars ($1,000) in value, exclusive of all such liens. If the value of the homestead, exclusive of all such liens, be less than two thousand dollars ($2,000), the court shall set off and award additional property, either separate or community, in lieu of such deficiency, so that the value of the homestead, exclusive of all such liens, when added to the value of the other property awarded, exclusive of all such liens, shall equal three thousand dollars ($3,000). Said decree shall particularly describe the said homestead and other property so awarded, and such homestead and other property so awarded shall not be subject to further administration, and such decree shall be conclusive and final, except on appeal, and except for fraud, and such awards shall be in lieu of all further homestead rights and of all exemptions: . . . "

While many other states have statutes of similar import, our attention has been called to none which, in so far as the question here presented is concerned, particularly resembles our own. While our statute has been considered by this court in several cases, we have decided no case which is helpful in determining the question now before us.

Appellants, of course, do not contend that respondent should not receive an award of property valued at three thousand dollars out of the estate, appellants' only contention being that respondent's award should not be made out of the separate real property belonging to the decedent, but should be made from either the community estate or the separate personalty, both

of which would be distributed to respondent as her sole property upon distribution of the estate.

The statute above quoted states that the award "shall include the home and household goods, if any," and in the case at bar, the trial court erred in not awarding to respondent the household goods and furniture as a portion of the amount set off to her.

Respondent argues that, because she and her deceased husband had been living upon one of the land descriptions which she asked to be awarded to her, she was at least entitled to have that tract included in the award. While respondent's husband owned an undivided one-seventh interest in the tract upon which he and respondent were living, they were occupying this land under a written lease, and the mere fact that Mr. Jones owned a small undivided interest in the land would not give respondent any preference right to have her deceased husband's undivided interest in this particular tract awarded to her as part of the property to be set off to her in lieu of homestead. Mr. and Mrs. Jones were occupying the land as tenants, not as owners, and the lease expired soon after the death of Mr. Jones.

Respondent relies upon the opinion of this court In re Welch's Estate, 200 Wash. 686, 94 P. (2d) 758, in which it was held that the right of the widow to receive from her husband's estate an award in lieu of homestead, under the sections of the statute above quoted, was not affected by the fact that she and the deceased were married only four hours before her husband's death. It appeared that the award would diminish the distributive share of an incompetent minor child of the husband, but we held that the statute gave to the surviving spouse an absolute right "which is not subject to collateral conditions and should not be influenced by the countervailing equi-

ties." The case is not controlling here, as it is not contended that respondent is not entitled to an allowance from the estate.

■ The trial court filed a written memorandum decision, which is before us as part of the statement of facts. From this memorandum, it appears that the trial court was of the opinion that the selection of certain property by respondent was binding upon the court, provided that the property selected did not exceed in value the sum of three thousand dollars. From the memorandum it also appears that the court was of the view that the court lacked jurisdiction to deny the petition of a widow demanding that certain specific property, within the statutory valuation, be set aside to her.

The statute does not confer upon the surviving spouse the right to select or designate specific property as all or a portion of the award to which such spouse is entitled. The award must include the home and household goods, if any, but subject to that limitation, the statute simply provides that the court "shall award and set off to the surviving spouse property of the estate, either community or separate, not exceeding the value of three thousand dollars." Rem. Rev. Stat., § 1473, *supra*. Language to the same effect is found in the portion of § 1474 above quoted.

Under the statute, the superior court makes the award and shall exercise its discretion in designating and awarding to the surviving spouse property of the estate, either community or separate, up to the statutory valuation. The property to be selected rests within the sound discretion of the court, and as from the record it clearly appears that in the case at bar the trial court erred in failing to award to respondent the household goods and furniture as part of the award, and refused to exercise its sound judicial discretion in

selecting other property of the estate to make up the balance of the three thousand dollars, the order appealed from must be reversed.

The cause is remanded, with instructions to the trial court to award to respondent the household goods and furniture, and to award respondent, from the property of the estate, other property sufficient to make up the value of three thousand dollars, the property so awarded to be selected and designated by the court in the exercise of its judicial discretion.

ROBINSON, C. J., SIMPSON, and JEFFERS, JJ., concur.

BLAKE, J. (dissenting)—I think the judgment should be affirmed.

[1]Reported in 118 P. (2d) 962.