[No. 32533. Department One. September 29, 1953.]

*In the Matter of the Estate of* ROWN BERNOW, *Deceased.*
SELMA BERNOW, *as Executrix, Appellant,* v. RHEA BERNOW GRIEFF *et al., Respondents.*[1]

[1]Reported in 261 P. (2d) 414.

Jack Steinberg, for appellant.

Lycette, Diamond & Sylvester, for respondent.

HILL, J.—Several mandatory sections of our probate code, RCW 11.52.010, .020, .030 (Laws of 1951, chapter 264, §§ 2, 7, pp. 828, 830; Laws of 1949, chapter 11, § 1, p. 41), require that, in the administration of the estate of a decedent, certain property shall be set aside for the support of a surviving spouse and minor children, if application therefor be made. RCW 11.52.040 (Laws of 1917, chapter 156, § 106), which immediately follows RCW 11.52.030, provides that the court

". . . *may* make such further reasonable allowance of cash out of the estate as may be necessary for the maintenance of the family according to their circumstances. . . ." (Italics ours.)

 This section is not mandatory, and both the making of an award and the amount thereof are discretionary. *In re Armstrong's Estate,* 33 Wn. (2d) 118, 204 P. (2d) 500 (1949).

At the beginning of the probate proceedings in the instant case, the widow applied for an allowance under RCW 11.52.040 and was awarded three hundred dollars a month by an *ex parte* order. After three payments had been made, a motion to modify that order was made by one of the residuary legatees under the will of the decedent. An affidavit in support of the motion was filed, alleging, *inter alia,* that the widow had received "for her monthly requirements . . . the approximate sum of $60 per month during the lifetime of the decedent." The widow filed an answering

affidavit, in which she stated that she required the following amounts for her usual monthly living expenses:

| | |
|---|---:|
| "Food | $90.00 |
| Maintenance and up keep of home | 100.00 |
| (taxes, gardener, utilities, oil, repairs) | |
| Clothing | 50.00 |
| Recreation, charity and miscellaneous | 60.00 |
| Total | $300.00" |

Although she further said in her affidavit

"That in the opinion of this affiant the sum of $300 per month is not a sufficient sum to pay her expenses of living in the same standard of living as she was accustomed to while she was the wife of the decedent,"

it is significant that she made no denial of the statement that she had received "for her monthly requirements . . . the approximate sum of $60 per month during the lifetime of the decedent."

Among other items of expenditure since the death of her husband, she listed six hundred dollars for a television set as a justification for the allowance of three hundred dollars a month. By the same process of reasoning, had she bought a yacht one thousand dollars a month might have been inadequate.

Of an estate appraised at $38,780.41, the widow receives, by the terms of the decedent's will, more than twenty-five thousand dollars (the family home, appraised at twelve thousand dollars, and one half of the balance of the estate, which was almost entirely cash). Nine grandchildren each receive one thousand dollars. The residue of the estate (less than thirty-five hundred dollars), from which all inheritance taxes, expenses of administration, and claims against the estate are to be paid, is to be divided among the decedent's six children by a former marriage.

The trial court did not abuse its discretion in reducing the monthly payments to one hundred dollars and limiting the payments to five additional months. The widow had already received nine hundred dollars when the petition for modification was heard, which, together with the one-hun-

dred-dollar payments, would make a total of fourteen hundred dollars for eight months.

The trial court gave three reasons for the modification:

"1. Any family allowance under the peculiar language of the Will of the decedent, was to be paid wholly out of the legacy of the heirs and beneficiaries in this estate other than the legacy pertaining to the Executrix [appellant] herein;

"2. Funds available to Selma Bernow, surviving spouse and Executrix herein, during decedent's lifetime for her monthly maintenance averaged less than $100 per month; the family home which was fully paid for was being utilized by her for her dwelling without rental expense; she had no person dependent upon her for support; and that $100 per month was a proper amount to be allowed her for support and was commensurate with her standard of living during decedent's lifetime.

"3. The decedent and the Executrix had been married for six years at the time of decedent's death."

In *In re Drasdo's Estate,* 36 Wash. 478, 78 Pac. 1022 (1904), discussing an allowance under a comparable section of the statute, we said:

"In making such allowances the court may take into consideration the character and amount of the estate left, and the provision the husband sought to make for the benefit of the widow, as well as her actual necessities."

Considering the provision made for the widow by the decedent in his will, we think that an allowance of fourteen hundred dollars from the share of the residuary legatees for family allowance was a generous and adequate provision. If there was any basis for complaint, it was on the part of the residuary legatees and not the appellant.

■ Appellant complains that the trial court should not have taken into consideration the fact that appellant and decedent had been married only six years. It is true that an allowance might be made if they had been married less than a day, and the length of the marriage should certainly not weigh heavily against her actual necessities. As we have indicated, the family allowance under RCW 11.52.040, unlike the provisions for homestead (RCW 11.52.020) or in lieu of homestead (RCW 11.52.010), is discretionary and not

mandatory, and we cannot say that the length or brevity of the marital relationship should be ignored by the trial court in making its determination. However, in concluding that the trial court should be affirmed, we have disregarded the third reason given.

 Appellant complains that the trial court acted on conflicting affidavits without taking testimony on the issues raised. It does not appear that it was ever suggested to the trial court that witnesses should be examined and cross-examined. Appellant cannot urge for the first time in this court that the trial court's determination of the issue of the amount of family allowance under RCW 11.52.040 should not have been made on the basis of the affidavits submitted by the litigants and the record then before the court, which included the will and the inventory and appraisement.

The order appealed from is affirmed.

GRADY, C. J., MALLERY, WEAVER, and OLSON, JJ., concur.

[1] Reported in 261 P. (2d) 407.