[No. 153-2.    Division Two.    May 24, 1971.]

*In the Matter of the Estate of* WALTER CLIVE ABEL, *Deceased.*

*Ernest M. Ingram* (of *Ingram, Zelasko & Goodwin*), for appellant.

*Stanley A. Taylor* (of *Conniff, Taylor, Moffett & Behrhorst*), for respondent.

PER CURIAM.—This case involves a disputed grant of an award in lieu of homestead. The deceased, Walter Abel, died testate in September, 1968, and the value of the assets in his estate has been appraised as in excess of $2.6 million. His will provided that this entire amount, which was all the separate property of Mr. Abel, should be equally divided among his surviving spouse and his three children by a prior marriage.

The surviving spouse petitioned the trial court for an award in lieu of homestead. The children resisted this petition. The trial court, stating that its decision was a discre-

tionary one by the terms of RCW 11.52.012 (3),[1] granted the petition. The trial court stated that despite the fact the surviving spouse had received $18,000 from a joint bank account and $18,000 in family allowances, the petition should be granted. The children were beneficiaries of a $10,000 policy of insurance on their father's life. The surviving spouse had aided in caring for the deceased during the last years of his life, while he was disabled by a stroke. Part of the property the surviving spouse wished to set off was household furnishings accumulated during the marriage and much of the balance consisted of a note due from an old family friend. Finally, the amount in controversy is relatively insignificant in relation to the total estate.

We agree with the trial court that under the statute, it was exercising discretion in determining whether or not to grant this petition. We can find no abuse of this discretion. The amount in question pales to insignificance when compared with the total each of the beneficiaries is to receive under the will. None of the beneficiaries will suffer any real financial harm or hardship because of this award. The trial court heard the evidence and we certainly cannot say that its resolution of the issue constituted an abuse of discretion. It was in no way arbitrary, clearly untenable or manifestly unreasonable, under the facts of this case. *Holm v. Holm,* 27 Wn.2d 456, 178 P.2d 725 (1947).

Affirmed.

---

[1]This section reads: "Such award shall be made by an order or judgment of the court and shall vest the absolute title, and thereafter there shall be no further administration upon such portion of the estate so set off, but the remainder of the estate shall be settled as other estates: . . . *Provided further,* That if it shall appear to the court, either . . . or (3) if such surviving spouse or minor children are entitled to receive property including insurance by reason of the death of the deceased spouse in the sum of ten thousand dollars, or more, then the award in lieu of homestead and exemptions shall lie in the discretion of the court, and that whether there shall be an award and the amount thereof shall be determined by the court, who shall enter such decree as shall be just and equitable but not in excess of the award provided herein."