[No. 4894-9-II.  Division Two.  January 7, 1983.]

*In the Matter of the Estate of*
VIRGINIA CAPOEMAN MARTIN.

*Robert Peck,* for appellant.

*Paul Stritmatter* and *Stanley Krause,* for respondent.

REED, J.—The sole question on this appeal is whether the trial court abused its discretion in denying a surviving spouse's petition for an award in lieu of homestead. We find no abuse of discretion and accordingly affirm.

Virginia Martin, a Quinault Indian, died testate in July 1977. She was survived by her husband (the appellant herein), seven children from prior marriages, and a grandchild. In a will, dated December 1, 1972, she bequeathed $1,000 to her husband and specifically disinherited four of

her children. The other three surviving children and the grandchild were each given over $30,000 worth of Indian trust property.[1] Two of these children and the grandchild also received the balance of the estate pursuant to a residuary clause.

The 1972 will was admitted to probate in August 1977. In January 1978, the husband submitted for probate a second will purportedly executed by the deceased in June 1977. This 1977 will awarded the husband use of the family residence until the grandchild should assume possession at the age of 25.

In 1979 an action to determine the validity of the 1977 will was initiated by the two children and the grandchild as residuary devisees under the 1972 will. Following a lengthy trial the 1977 will was adjudged a forgery and declared null and void. The attorney for the two children was ultimately awarded over $10,000 out of the estate for his services with respect to this proceeding. (The attorney for the guardian ad litem of the grandchild is presently seeking over $3,000 from the estate in attorney's fees.)

The husband subsequently petitioned the court for a $20,000 award in lieu of homestead. This petition was also resisted by the beneficiaries under the residuary clause of the 1972 will. They took the position that the husband's espousal of the forged will constituted a fraud upon the court which would eventually deplete the estate by more than $13,000 in attorney's fees. After considering the affidavits of the parties and hearing oral argument, the court denied the husband's petition.

On appeal the husband challenges the propriety of the trial court's denial of the award in lieu of homestead. Specifically, he argues that, because each of the respondents received over $30,000 of Indian trust property pursuant to the 1972 will, the trial court's denial of the award was punitive and based exclusively on the fact that he had pre-

---

[1]The Indian trust property was separately administered by the Bureau of Indian Affairs and was not subject to the state probate proceedings.

sented a forged will. He cites several cases in support of the proposition that a denial of an award in lieu of homestead cannot be based on collateral conditions of this type. *In re Estate of Poli,* 27 Wn.2d 670, 179 P.2d 704 (1947); *In re Estate of Leupp,* 153 Wash. 218, 279 P. 579 (1929); *State ex rel. Apt v. Mitchell,* 194 Kan. 463, 399 P.2d 556 (1965).[2]

This argument is not well taken. All of the cases relied upon by the husband involved situations where the surviving spouse was entitled to an award in lieu of homestead *as a matter of right* under RCW 11.52.010 or a comparable statute. In the instant case the award was clearly discretionary under RCW 11.52.012(1) because the deceased had children by a former marriage. *See In re Estate of Ford,* 31 Wn. App. 136, 639 P.2d 848 (1982). This statute does not delineate the specific factors to be considered by the court in the exercise of its discretion. However, the fact that the statute endows the court with discretion in situations where there are children of the deceased by a former marriage indicates that it was designed to protect the inheritance rights of such children. *See generally* Fletcher, *Adapting the Uniform Probate Code to Washington Marital Property Law,* 7 Gonz. L. Rev. 261 (1972). Therefore, the husband's presentation of the forged will in the prior probate action, which ultimately depleted the estate by more than $13,000 in attorney's fees (exclusive of costs on appeal), was an appropriate factor to be considered by the trial court in determining the propriety of the award in lieu of homestead.

Moreover, we do not agree with the husband's contention that his presentation of the forged will was the only consideration supporting the trial court's denial of the award. The economic situation of the surviving spouse is another factor properly taken into account by a trial court in ruling

---

[2]Of the cited cases, only *In re Estate of Leupp,* 153 Wash. 218, 279 P. 579 (1929) involved an award *in lieu of homestead.* The remaining decisions involved situations where the court was determining the propriety of an actual homestead award.

on a petition for an award in lieu of homestead under RCW 11.52.012(1). *See In re Estate of Abel,* 5 Wn. App. 37, 486 P.2d 313 (1971). In the instant case the husband failed to present any evidence of his economic circumstances. Consequently, there was no showing that he would suffer any extreme hardship without the award.

In view of the foregoing, we are unable to conclude that the trial court's denial of the award was arbitrary, clearly untenable or manifestly unreasonable. Therefore, the court's ruling did not constitute an abuse of discretion and will not be disturbed on appeal. *In re Estate of Dillon,* 12 Wn. App. 804, 532 P.2d 1189 (1975); *In re Estate of Abel, supra.*

We affirm.

PETRICH, C.J., and WORSWICK, J., concur.