[No. 12048–4–I.   Division One.   April 30, 1984.]

*In the Matter of the Estate of*
WILLIAM F. PESTERKOFF.

LEONA PESTERKOFF, *Appellant,* v. FLORENCE
GRONHOLDT, *Respondent.*

*Wm. H. Simmons,* for appellant.

*Karr, Tuttle, Koch, Campbell, Mawer & Morrow, P.S., Janis R. Cunningham,* and *Philip A. Talmadge,* for respondent.

CALLOW, J.—Leona Pesterkoff appeals an order of the superior court denying her petition seeking to designate the property in her deceased husband's estate from which an award in lieu of homestead may be made.

William Pesterkoff, then a widower, executed his will in 1964 making specific bequests of $1,000 and leaving the remainder of his estate one-half each to his two sisters, one of whom is now deceased, or their heirs. He married Leona Pesterkoff, the appellant, in 1966, but died in 1979 without making any marriage settlement or other provision for her. Consequently, his will was revoked as to Leona[1] entitling her to an intestate distribution of his estate pursuant to RCW 11.04.015. *See In re Estate of Geer,* 29 Wn. App. 822, 629 P.2d 458 (1981).

Leona was appointed administratrix of William's estate. The funeral expenses, expenses of last illness and of administration have been paid or provided for and the estate is solvent. Leona claimed all personal property pursuant to an uncontested oral community property agreement. The remaining estate asset is a house owned by William as his separate realty and valued at $85,000. There is no dispute over Leona's claim that she is entitled to 75 percent of such separate realty as her intestate share. RCW 11.12.050; 11.04.015. However, she further petitioned the court for an award in lieu of homestead pursuant to RCW 11.52.010 and requested that the award come solely from the 25 percent of the separate realty remaining after she claimed her statutory share.

A superior court commissioner granted the award but only from the net separate realty as a whole stating, in part:

---

[1]RCW 11.12.050 reads:

"If, after making any will, the testator shall marry and the spouse shall be living at the time of the death of the testator, such will shall be deemed revoked as to such spouse, unless provision shall have been made for such survivor by marriage settlement, or unless such survivor be provided for in the will or in such way mentioned therein as to show an intention not to make such provision, and no other evidence to rebut the presumption of revocation shall be received. A divorce, subsequent to the making of a will, shall revoke the will as to the divorced spouse."

> Leona Pesterkoff is hereby awarded An Award in Lieu of Homestead in the amount of $20,000 which shall come from the decedent's separate property realty. That award shall be from the first $20,000 of the separate property realty which would leave the remaining $65,000 in equity to be distributed three–quarters to the surviving spouse by intestacy and one–quarter to the heirs under the decedent's Last Will and Testament.

Leona's motion for revision of the court commissioner's order was denied by the Superior Court which entered an order affirming the court commissioner's order.

Leona now appeals the order of the Superior Court. The devisees under the will are the respondents on appeal. If Leona prevails she will receive 75 percent of $85,000 ($63,750) and her $20,000 award in lieu of homestead. This would leave $1,250 for distribution to the residual devisees. If the devisees prevail, Leona will receive her $20,000 award in lieu of homestead plus 75 percent of $65,000 ($48,750) leaving $16,250 for distribution.

The dispositive issue on appeal is whether a surviving spouse claiming an award in lieu of homestead pursuant to RCW 11.52.010 may designate the property or the portion thereof from which the award is to be made.

RCW 11.52.010 states:

> If it is made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court, after hearing and upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of twenty thousand dollars at the time of death, exclusive of general taxes and special assessments which were liens at the time of the death of the deceased spouse, and exclusive of the unpaid balance of any contract to purchase, mortgage, or mechanic's, laborer's or materialmen's liens upon the property so set off, and exclusive of funeral expenses, expenses of last sickness and administration,

which expenses may be deducted from the gross value in determining the value to be set off to the surviving spouse; provided that the court shall have no jurisdiction to make such award unless the petition therefor is filed with the clerk within six years from the date of the death of the person whose estate is being administered.

After the setoff of the award in lieu of homestead "the remainder of the estate shall be settled as other estates". RCW 11.52.012. Such an award allowance is an absolute right granted to a surviving spouse provided he or she complies with all the conditions contained in the statutes authorizing the grant. *In re Estate of Boston,* 80 Wn.2d 70, 75, 491 P.2d 1033 (1971); *see In re Estate of Trierweiler,* 5 Wn. App. 17, 19, 486 P.2d 314 (1971). "These allowances are created by law and are preferred just as other debts are preferred and are not subject to collateral conditions." *In re Estate of Boston, supra* at 76. The $20,000 amount of the award is generally mandatory unless any of the several conditions enunciated by RCW 11.52.012,[2] none of which are applicable here, are present. *In re Estate of Ford,* 31 Wn. App. 136, 141, 639 P.2d 848 (1982); *see In re Estate of Dillon,* 12 Wn. App. 804, 532 P.2d 1189 (1975).

Leona, however, contends that her 75 percent intes-

---

[2]RCW 11.52.012 states:

"Such award shall be made by an order or judgment of the court and shall vest the absolute title, and thereafter there shall be no further administration upon such portion of the estate so set off, but the remainder of the estate shall be settled as other estates: *Provided,* That no property of the estate shall be awarded or set off, as provided in RCW 11.52.010 through 11.52.024, as now or hereafter amended, to a surviving spouse who has feloniously killed the deceased spouse: *Provided further,* That if it shall appear to the court, either (1) that there are children of the deceased by a former marriage or by adoption prior to decedent's marriage to petitioner, or (2) that the petitioning surviving spouse has abandoned his or her minor children or wilfully and wrongfully failed to provide for them, or (3) if such surviving spouse or minor children are entitled to receive property not subject to probate, including insurance, by reason of the death of the deceased spouse in the sum of twenty thousand dollars, or more, then the award in lieu of homestead and exemptions shall lie in the discretion of the court, and that whether there shall be an award and the amount thereof shall be determined by the court, which shall enter such decree as shall be just and equitable but not in excess of the award provided herein."

tate share of the decedent's separate realty is unavailable to satisfy an award in lieu of homestead because under RCW 11.04.250 it "vested" at the time of death. We disagree. *In re Estate of Poli,* 27 Wn.2d 670, 676, 179 P.2d 704 (1947) expressly stated:

> The rights of heirs under the statute with reference to the vesting of title are subject to other statutory preferences, such as debts and expenses, including family allowances, and the preferential right which vests in the surviving spouse, as of the date of the death of the other spouse, of an award of property of the estate . . . in lieu of homestead.

Distributive shares are thus subject to the payment of an award in lieu of homestead. *In re Estate of Offield,* 7 Wn. App. 897, 903, 503 P.2d 767 (1972). Moreover, RCW 11.04-.250 applies equally to heirs and devisees. If Leona's contention were accepted, neither her 75 percent share nor the 25 percent share allotted to the remaining devisees would be available for an award in lieu of homestead.

Nor do we accept Leona's contention that she is entitled to designate the specific property from which her award in lieu of homestead is to be taken. RCW 11.52.010 explicitly provides that the trial court "shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, . . ." upon application and under certain conditions not relevant here. This language "does not confer upon the surviving spouse the right to select or designate specific property as all or a portion of the award to which such spouse is entitled." *In re Estate of Jones,* 11 Wn.2d 254, 261, 118 P.2d 951 (1941). Rather, "the superior court exercises its discretion in *designating* and awarding to the surviving spouse property of the estate, either community or separate, *up to the statutory valuation.*" (Some italics ours.) *In re Estate of Small,* 27 Wn.2d 677, 683, 179 P.2d 505 (1947), *overruled in part on other grounds in Cody v. Herberger,* 60 Wn.2d 48, 371 P.2d 626 (1962); *see In re Estate of Jones, supra; see also In re Estate of Williams,* 31 Wn.2d 303, 196 P.2d 340 (1948). We recognize

that the homestead statute interpreted by these cases has since been amended. However, the pertinent statutory language, "shall award and set off to the surviving spouse, if any, property of the estate, either community or separate," has remained unchanged. The rationale of these opinions remains vigorous and decisive.

We decline to address Leona's contention that such discretionary power in the trial court is a denial of due process of the law due to her lack of legal authority in support thereof. We will not consider conclusionary propositions where no legal authority is cited in support thereof unless they are well taken on their face. *State v. Young,* 89 Wn.2d 613, 625, 574 P.2d 1171, *cert. denied,* 439 U.S. 870 (1978).

We hold that one who petitions for an award in lieu of homestead has no right to select the property from which that award is to be made. That decision lies within the sound discretion of the trial court. The failure of Leona to attempt to demonstrate an abuse of that discretion requires an affirmance of the decision of the trial court.

Respondent contends that this appeal is frivolous and requests terms and sanctions pursuant to RAP 18.9(a) including, but not limited to, payment of respondent's costs and attorney's fees personally by Leona and her counsel. RAP 18.9(a) states, in part:

> The appellate court on its own initiative or on motion of a party may order a party or counsel who uses these rules for the purpose of delay or who fails to comply with these rules to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply.

The primary inquiry in determining whether an appeal is brought for delay under RAP 18.9(a) is "whether, when considering the record as a whole, the appeal is frivolous, *i.e.,* whether it presents no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal." *Streater v. White,* 26 Wn. App. 430, 434, 613 P.2d 187 (1980).

An appeal that is affirmed simply because an appellant's arguments are rejected is not frivolous. Moreover, all doubts as to whether an appeal is frivolous should be resolved in favor of the appellant. *Streater v. White, supra* at 435. Leona presented debatable issues on appeal. We do not find the appeal to be frivolous and deny the request for terms and sanctions.

The order of the Superior Court is affirmed.

DURHAM, C.J., and SWANSON, J., concur.