# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ATM SHAFIQUL KHALID, an individual, and XENCARE SOFTWARE, INC., a Washington corporation<br><br>        Appellants,<br><br>        v.<br><br>CITRIX SYSTEMS, INC., a Delaware corporation with branch office in Washington,<br><br>        Respondent. | DIVISION ONE<br><br>No. 82822-3-I<br><br>UNPUBLISHED OPINION |
| CITRIX SYSTEMS, INC.,<br><br>        Counterclaim and<br>        Third-Party Plaintiff,<br><br>        v.<br><br>ATM SHAFIQUL KHALID and XENCARE SOFTWARE, INC.,<br><br>        Counterclaim and<br>        Third-Party Defendants. | |

DWYER, J. — ATM Shafiqul Khalid appeals the trial court's entry of a judgment awarding him $8,240,979.59 and its ruling that Citrix Systems, Inc. fully satisfied the judgment by paying that amount into the court registry. We affirm.

I

Khalid and Citrix have been embroiled in litigation for more than six years. This is Khalid's second appeal to us concerning this dispute. See Khalid v. Citrix Sys., Inc., No. 79143-5-I (Wash. Ct. App. Dec. 7, 2020) (unpublished),

https://www.courts.wa.gov/opinions/pdf/791435.pdf, review denied, 197 Wn.2d 1019 (2021).

In 2015, Khalid sued Citrix and eventually prevailed. A jury awarded Khalid $3,067,994 in damages and the trial court awarded him $2,642,972.67 in attorney fees.[1] Khalid, No. 79143-5-I, slip op. at 19-20. On appeal, we largely affirmed the awards but remanded with instructions to award Khalid prejudgment interest, to reduce his attorney fee award by $4,900, and to vacate Citrix's attorney fee award. Khalid, No. 79143-5-I, slip op. at 102-03. On remand, the events giving rise to this appeal then transpired.

On February 19, 2021, Khalid e-mailed two Citrix executives seeking to settle all open matters between them with "[n]o need to engage counsel."[2] Khalid noted that he "felt its [sic] better to have a channel open for unexpected scenarios when [he's] dealing with issues without a counsel." Attorneys from three law firms represented Khalid at the time.

During an April 12 telephone call between counsel, Citrix inquired about the amount Khalid believed was still due on the judgment and advised that it "intended to pay the full judgment."

On April 14, Citrix contacted Khalid's counsel asking for "the total amount you believe is due to plaintiffs, the total amount due to attorneys" and about "how and to whom you would want the amount due to be paid in each instance?" One

---

[1] Our first opinion sets forth the facts underlying these awards in detail. See Khalid, No. 79143-5-I, slip op. at 3-20.

[2] In addition to this current action, Khalid's e-mail mentions his "appeal against Citrix in federal court" and how he was "about to file another new federal suit challenging Citrix's $2 billion offshoring profit using intellectual properties."

of Khalid's attorneys responded that we "need to get back to you about how/where to make payment," but let Citrix know that "[t]he grand total as of today is $8,240,979.59 and the per diem is $2,083.94."

On April 15, one of Khalid's attorneys e-mailed Citrix, addressing two items:

> First, I understand Citrix intends to pay the entire judgement [sic] amount. If so, I should strike or continue the motion for presentation we have set for Monday as it does not include the judgment portion related to attorney's fees on appeal or prejudgment interest. We could instead submit a stipulated judgment including these amounts. Please confirm you are in agreement and I will let the court know.
>
> Second, we would like the judgment amount wired to Paul's firm's trust account. He can provide you wiring instructions.
>
> Let me know if you have any questions and confirm if you are in agreement about continuing the presentation of judgment.

That same day, Citrix's counsel replied: "I will need to discuss this with Citrix[.] [S]o I am clear, the full amount would be wired to Paul's trust account[?] Please send the wiring instructions so we have them."

In a telephone call with one of Khalid's attorneys on April 22, Citrix's counsel confirmed "Citrix's intention to pay and sought wiring instructions."

On April 26, Khalid's counsel withdrew the notice of presentation of fourth amended judgment filed on April 6, 2021. The next day, Citrix's counsel e-mailed Khalid's counsel saying "that we are waiting for wiring instructions – it has been nearly two weeks . . . . If there is a problem, let us know. We would appreciate receiving the wiring instructions today."

Days later, during a telephone conference with one of Khalid's attorneys, Citrix's counsel stated that if wiring instructions were not forthcoming, Citrix could pay the judgment with a "physical check" payable to Khalid and delivered to counsel's office. Khalid's counsel reportedly "asked, as an officer of the court, that Citrix wait until May 4 for final instructions." On May 4, Khalid's counsel sent Citrix documents regarding a stipulated presentation of judgment.

On May 5, Citrix's counsel e-mailed Khalid's counsel, stating in part:

As you know, Citrix tendered payment on April 14 with its request for allocation of the judgment and wiring instructions, which were to be received the next day. We were asked to wait while you obtained clarifying information from Khalid, which we did. The presentation of judgment should reflect that interest ceased to accrue as of April 14.

We will also want to include in this stipulation that Citrix remains ready, willing and able to immediately pay the full judgment upon receipt of wiring instructions and allocation information. We can also effect payment by providing a check payable to Khalid in the full amount due as of April 14, or wiring the full amount to your trust fund. If you have alternative instructions you want to provide on payment of the judgment amount due as of April 14, let us know.

Citrix wants no further dispute with Khalid, and certainly does not want to be involved in any dispute between Khalid and his attorneys over allocation of the judgment.

In reply, Khalid's counsel stated: "We conferred with our client and we are not able to provide wiring or other payment instructions. As you know, funds in satisfaction of a judgment may be paid into the registry of the court. That may be the best and perhaps only option here."

That same day, Khalid's counsel filed a notice of presentation for entry of fourth amended judgment in the amount of $8,282,658.44 (inclusive of accrued

interest as of May 4, 2021).  They also filed attorney fee liens on the judgment for services rendered and costs advanced in this matter.[3]

On May 11, Citrix filed its opposition to Khalid's notice, seeking entry of judgment in the amount of $8,240,979.59 (with accrued interest as of April 14, 2021) and a "finding that the judgment has been satisfied in full."  Citrix also deposited a check for that amount in the King County Superior Court registry, with direction to the court clerk "to: (i) apply the payment to the Judgment to reduce (and pay off) the judgment amount; and (ii) note on the execution docket a satisfaction of the judgment and date."

On May 28, the trial court disagreed with Khalid's proposed form of judgment, entered the proposed form of judgment presented by Citrix, and found "that the Judgment has been satisfied in full with Citrix's May 11, 2021, deposit into the Court registry."[4]  Khalid appeals pro se.

II

Khalid first contends that Citrix did not tender any money on April 14, 2021, and, therefore, postjudgment interest continued to accrue after that date. He then argues that the trial court erred by entering Citrix's proposed form of judgment and by finding that Citrix had satisfied the judgment.  We disagree with both contentions.

---

[3] The three law firms representing Khalid in this matter filed liens in the amount of $245,625.00, $379,375.00, and $1,078,362.99.

[4] Khalid later obtained the funds from the court registry less the lien amounts.

A

"[A]wards of postjudgment interest are matters of law that are reviewed de novo," TJ Landco, LLC v. Harley C. Douglass, Inc., 186 Wn. App. 249, 256, 346 P.3d 777 (2015) (citing Sintra, Inc. v. City of Seattle, 96 Wn. App. 757, 980 P.2d 796 (1999)).  We review a trial court's factual determinations related to the payment of postjudgment interest for an abuse of discretion.  Steele v. Lundgren, 96 Wn. App. 773, 787, 982 P.2d 619 (1999) (no abuse of discretion where "there was some confusion whether the funds [in the court registry] were available and would be released unconditionally").  "A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds."  Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 339, 858 P.2d 1054 (1993).

B

Khalid's appeal rises and falls on whether Citrix tendered judgment on April 14.  Tender requires the production of money, Catterson v. Ireland, 60 Wash. 208, 213, 110 P. 1002 (1910), or a willingness, accompanied by the ability and the attempt, to pay.  King v. O/S Nordic Maiden, 587 F. Supp. 46, 48 (W.D. Wash. 1984).  Tender must be unconditional to "stop the running of interest." Grant v. Auvil, 39 Wn.2d 722, 728, 238 P.2d 393 (1951) (citing Brewster Coop. Growers v. Brewster Orchards Corp., 21 Wn.2d 288, 150 P.2d 847 (1944)). Tender for less than the full amount owed is considered to be conditional. Schmerer v. Darcy, 80 Wn. App. 499, 504, 910 P.2d 498 (1996).

6

> The law of tender is as much for the benefit of the creditor as the debtor. The creditor cannot refuse a tender believing it to be to his advantage to do so, and thereafter insist in equity that an unqualified tender has not been made good. Under such conditions, willingness to pay is all that the law requires.

Murray v. O'Brien, 56 Wash. 361, 378, 105 P. 840 (1909); Richter v. Trimberger, 50 Wn. App. 780, 785, 750 P.2d 1279 (1988) (creditor who refused tender was not entitled to prejudgment interest).

On April 12, Citrix informed Khalid that it intended to pay the full amount of the judgment. This was indicative of Citrix's willingness to pay. On April 14, Citrix asked for the amount due to Khalid, the amount due to his counsel, and "how and to whom you would want the amount due to be paid in each instance." The next day, Khalid's counsel insisted that Citrix issue payment into its trust account via wire transfer. Despite Citrix's repeated requests for the wiring instructions or other payment information, Khalid never authorized his counsel to share any such information. It is evident that Citrix had the ability to pay the judgment and, in fact, attempted to do so. Khalid simply refused to allow Citrix to satisfy the judgment owed.

On this record, the trial court determined that Citrix had tendered judgment on April 14 and any postjudgment interest stopped accruing as of that date. We cannot say that no reasonable judge would rule as the trial court did here, nor can we say that all reasonable judges would have agreed with Khalid's position and entered his proposed form of judgment. The trial court's ruling was not based on untenable grounds. Accordingly, because Khalid has not

demonstrated any abuse of discretion, we affirm the trial court's entry of judgment.

We also conclude that the trial court properly found that Citrix had satisfied the judgment by paying the full amount owed into the court registry on May 11. Because a judgment is satisfied when it has been paid, the trial court's finding was not erroneous. RCW 4.56.100.[5]

III

Khalid argues that the trial court should have entered an award of attorney fees in his favor based on Citrix's refusal to stipulate to the entry of his proposed judgment. Both parties request an award of attorney fees on appeal. Because Khalid is not the prevailing party, he is not entitled to an award of attorney fees at trial or on appeal.

Nor is Citrix entitled to an award of attorney fees. Citrix's request rests on RAP 18.9(a), which permits this court to award such fees and costs as a sanction for filing a frivolous appeal. "An appeal that is affirmed simply because an appellant's arguments are rejected is not frivolous." In re Estate of Pesterkoff, 37 Wn. App. 418, 424, 680 P.2d 1062 (1984). Although Khalid did not prevail, we do not deem his appeal so lacking in merit that it must be deemed frivolous. Citrix's request for an award of attorney fees is denied.

---

[5] Because we affirm the trial court's entry of judgment and accompanying finding, we need not reach Khalid's remaining, and unclear, claim about an "April 5, 2021 motion resulting in the entry of judgment on April 27, 2021."

Affirmed.

_____
Dwyer, J.

WE CONCUR:

_____     _____
Andrus, A.C.J.