IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of<br><br>ADRIAN TEYTUD CONTRERAS,<br><br>           Respondent,<br><br>and<br><br>PHUONG NGUYEN HOAI DANG,<br><br>           Appellant. | No. 87679-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, A.C.J. — Phuong Nguyen Hoai Dang appeals from the parenting plan and child support orders following the dissolution of her marriage with Adrian Teytud Contreras. Because she fails to demonstrate any error and sufficient evidence supports the trial court's findings, we affirm.

FACTS

Phuong Nguyen Hoai Dang and Adrian Teytud Contreras married on February 17, 2017. They have one daughter, A, who was born in September 2017. In the summer of 2019, Dang moved out but A remained with Teytud in the family home. After their separation, Dang enlisted in the military in late October 2020. The parties entered into a written agreement[1] that A would reside with Teytud who would care for her and make any necessary parenting decisions.

---

[1] While both parties reference this agreement in their respective briefs on appeal and pleadings filed in the trial court, the agreement itself is not in the record transmitted to this court on appeal.

On December 8, 2020, Teytud filed for divorce and a restraining order after Dang threatened to "send someone to take [A] away." When Dang returned from basic training, the parties adopted a new parenting plan under which A lived with Teytud during the school year and spent alternating weekends with Dang. They shared residential time in the summer and followed this schedule for two years before trial.

By joint agreement, the matter was resolved by way of an informal trial in September 2023. The trial court heard testimony from both parties and the appointed guardian ad litem (GAL). It found no basis to impose RCW 26.09.191 limitations on the residential time of either parent and ordered joint decision-making. The court deemed Teytud the primary residential parent and granted Dang visitation every other weekend. It also ordered Dang to pay $7,934.40 in back child support—$495.90 per month for 16 months. The parties agree that on reconsideration the court increased Dang's obligation to $9,715.55, her net proportional share of A's unpaid childcare expenses.[2]

Dang timely appealed.

ANALYSIS

As a threshold matter, we note that Dang represents herself on appeal. "[T]he law does not distinguish between one who elects to conduct [their] own legal affairs and one who seeks assistance of counsel—both are subject to the same

---

[2] Again, while both parties agree that Dang moved for reconsideration, the trial court denied reconsideration, and as a result of this phase of litigation, Dang was ordered to pay back childcare expenses to Teytud, none of the related documents were designated for appeal. Accordingly, we rely on the assertions of the parties as to this aspect of the proceedings in the trial court solely for purposes of setting out the procedural history of the case.

procedural and substantive laws." *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (quoting *In re Marriage of Wherley,* 34 Wn. App. 344, 349, 661 P.2d 155 (1983)). RAP 10.3(a) governs the content of briefing on appeal and requires an appellant to include a "fair statement of the facts and procedure relevant to the issues presented for review, without argument," with record citations for each factual statement. RAP 10.3(a)(5). The parties, not the court, must provide accurate record citations. *See Mills v. Park*, 67 Wn.2d 717, 721, 409 P.2d 646 (1966) (The court is "not required to search the record for applicable portions thereof in support of the [appellant's] arguments."). The opening brief must also contain "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6).

Here, Dang's statement of the case and arguments lack record citations and legal authority. Critically, she fails to identify or apply the relevant standard of review and does not address the applicable statutory standards for parenting plans or child support. This noncompliance with the RAPs limits the court's ability to consider each challenge she presents. However, an appellate court may consider an improperly briefed legal or factual issue if its basis is apparent. *DeHeer v. Seattle Post-Intelligencer,* 60 Wn.2d 122, 126, 372 P.2d 193 (1962) (courts will not consider assignment of error without argument or authority unless "apparent without further research"). We endeavor to reach the merits of Dang's challenges to the parenting plan and child support payments to the extent they are discernable. *See* RAP 1.2(a).

I.     Parenting Plan

We review a trial court's parenting plan for abuse of discretion.  *In re Marriage of Katare*, 175 Wn.2d 23, 35, 283 P.3d 546 (2012).  "An abuse of discretion occurs when a decision is manifestly unreasonable or based on untenable grounds or untenable reasons."  *Id*.  We accept the trial court's findings of fact as verities on appeal if they are supported by substantial evidence.  *In re Marriage of Chandola*, 180 Wn.2d 632, 642, 327 P.3d 644 (2014).  "'Substantial evidence' is evidence sufficient to persuade a fair-minded person of the truth of the matter asserted.'"  *Id*. (quoting *Katare,* 175 Wn.2d at 35).  We defer to trial courts as the finder of fact to make credibility determinations and weigh evidence.  *State v. Merritt*, 200 Wn. App. 398, 408, 402 P.3d 862 (2017), *aff'd*, 193 Wn.2d 70, 434 P.3d 1016 (2019).  A trial court has broad discretion in crafting a permanent parenting plan, but it must follow the provisions of chapter 26.09 RCW.  *Katare*, 175 Wn.2d at 35-36.

Dang avers in her briefing that the trial court improperly dismissed the GAL's concerns regarding Teytud's transparency and undermined the fairness of the custody determination.  She asserts that "[i]t is evident that children benefit from having both parents involved in their lives.  Therefore, a 50/50 custody arrangement should be considered to ensure both parents have equal parental rights." But she fails to identify, much less analyze, the mandatory statutory factors that must be considered when a parenting plan is established or otherwise demonstrate that no reasonable judge would have reached the same conclusion based on the facts and record before the trial court.

Here, the trial court considered each of the seven factors set forth in RCW 26.09.187 and determined that equal residential time was inappropriate due to the high level of conflict between the parents. Dang does not specifically assign error to any of these findings, making them verities on appeal. *Id.* at 35. Our review, therefore, is limited to determining whether these findings support the court's conclusions of law.

The trial court properly applied the statutory considerations for a residential schedule and exercised its discretion in establishing the parenting plan. It thoroughly evaluated each of the seven factors required by RCW 26.09.187(3)(a), considered the evidence adduced by the parties at trial, and issued detailed findings for each factor. Specifically, the court found that "the dynamics that would need to be present for this court to find a 50/50 parenting plan to be in [A]'s best interest are not present, and I'm not finding that a 50/50 parenting plan is in her best interest."

The trial court also addressed the GAL's concerns about Teytud's candor regarding Dang's involvement in A's life and his accuracy about Dang's departure, and gave the GAL an opportunity to supplement her report. In its ruling, the court specified that it was not deferring to the GAL's recommendation, calling it "[j]ust one data point in the record." Again, Dang fails to carry her burden on appeal as to this claimed error. It is well established that a court is "free to ignore the guardian ad litem's recommendations if they are not supported by other evidence or it finds other testimony more convincing." *Fernando v. Nieswandt*, 87 Wn. App. 103, 107, 940 P.2d 1380 (1997); *see also* RCW 26.12.175(1)(b) ("[T]he court may consider

and weigh [the GAL's recommendation] in conjunction with the recommendations of all of the parties.").

The trial court properly applied the law and substantial evidence supports its findings. Accordingly, Dang fails to show an abuse of discretion and her claim that the trial court erred when it decided the parenting plan does not warrant appellate relief.

II. Child Support

Dang next argues that the trial court erred when it awarded backdated child support from July 2019 to October 2020 to Teytud. She contends that there was no concrete evidence that Teytud assumed exclusive financial responsibility during this period and his delayed disclosure of childcare expenses unfairly burdened her.

We review the court's child support decision for abuse of discretion. *In re Marriage of Condie*, 15 Wn. App. 2d 449, 472, 475 P.3d 993 (2020). "'This court will not substitute its own judgment for that of the trial court where the record shows that the trial court considered all relevant factors and the award is not unreasonable under the circumstances.'" *Id*. (quoting *In re Marriage of Fiorito*, 112 Wn. App. 657, 664, 50 P.3d 298 (2002)).

Here, Dang only makes conclusory arguments and presents no evidence that the backdated award of child support was improper. Even under a generous reading of her brief, she fails to provide reasoned argument or record citations supporting her claim. We do not consider conclusory arguments that are unsupported by citation to authority. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.3d 549 (1992). "Passing treatment of an issue or lack of

reasoned argument is insufficient to merit judicial consideration." *Brownfield v. City of Yakima*, 178 Wn. App. 850, 876, 316 P.3d 520 (2014).

Because Dang neither adequately cites to the record nor provides substantive argument to support her argument that the trial court erred in awarding backdated child support, we decline to consider her claim.[3]

III.    Attorney Fees

Teytud requests attorney fees under RAP 18.9 for having to respond to Dang's appeal. He argues that she presents a one-sided narrative without a single citation to the record, and her "arguments do not provide any legal support or any real argument."

RAP 18.9(a) permits an award of attorney fees as a sanction for filing a frivolous appeal. An appeal is frivolous if, considering the whole record, the court is convinced there are no debatable issues on which reasonable minds may differ and it is totally devoid of merit. *See Fiorito*, 112 Wn. App. at 669-70. "'An appeal that is affirmed simply because an appellant's arguments are rejected is not frivolous.'" *Brett v. Martin*, 9 Wn. App. 2d 303, 316, 445 P.3d 568 (2019) (quoting *In re Est. of Pesterkoff*, 37 Wn. App. 418, 424, 680 P.2d 1062 (1984)). "All doubts as to whether the appeal is frivolous should be resolved in favor of the appellant." *In re Marriage of Schnurman*, 178 Wn. App. 634, 644, 316 P.3d 514 (2013).

---

[3] Dang also assigns error to the award of past childcare expenses in favor of Teytud, however, the parties appear to agree that this award is contained in the order denying Dang's motion for reconsideration. Not only is the record on appeal devoid of any of the pleadings and order related to reconsideration, Dang did not designate the order denying reconsideration in her notice of appeal. Accordingly, that order and any other award contained therein is beyond the scope of her appeal.

Although there is no legal or factual support for Dang's appeal, Teytud's briefing demonstrates that Dang's failure to follow the requirements of RAP 10.3(a) did not hamper his ability to respond fully to her claims. While Dang does not prevail, her appeal is not so totally devoid of merit as to be frivolous. Accordingly, the request for attorney fees on appeal is denied.

Affirmed.

WE CONCUR:

Díaz, J.

Chung, J.