The FAY CORPORATION, a
Washington corporation,
Plaintiff,

v.

BAT HOLDINGS I, INC., also known as
Marshall Field & Co., a Delaware cor-
poration; and Frederick & Nelson Se-
attle, Inc., a Delaware corporation, De-
fendants.

No. C86–542D.

United States District Court,
W.D. Washington,
Seattle Division.

Jan. 7, 1987.

Hall Baetz, Joseph D. Weinstein, Davis,
Wright & Jones, Seattle, Wash., for plain-
tiff.

Edward W. Kuhrau, Michael F. Mogan,
Perkins Coie, Seattle, Wash., Samuel J. Sil-
verman, Martin Flumenbaum, Paul, Weiss,
Rifkind, New York City, for defendants.

ORDER

DIMMICK, District Judge.

THE COURT has before it the following
motions:

(1) Defendants' motion for reconsidera-
tion of this Court's Order of October 23,
1986 [1];

(2) Defendants' motion for clarification
of that Order;

(3) Defendants' motion (as an alternative
to number 1 above) to permit interlocutory
appeal of that Order, pursuant to 28 U.S.C.
§ 1292(b);

(4) Plaintiff's motion for entry of order
of judgment pursuant to Fed.R.Civ.P. 54(b);
and

(5) Plaintiff's motion to strike the affida-
vit of D. Schechter.

The Court concludes that defendants'
new-found theories and facts do not war-
rant reconsideration of the October 23 Or-
der, 646 F.Supp. 946, and that the Schecht-
er affidavit represents new facts not prop-
erly before the Court. Plaintiff's request
for an entry of final judgment for part of
its claim is denied since the claim is part of
a larger claim involving the same unre-

---

**1.** Defendants request oral argument in connec-
tion with their motion for reconsideration. Be-
cause the Court heard oral argument on this
issue earlier, and in view of the Court's recogni-
tion of the value of interlocutory appeal, oral
argument will not be heard.

solved issues of law and fact.[2] Defendants do, however, present sound reasons for an interlocutory appeal of the October 23 Order, including the novelty of the issue presented in connection with interpretation of a 1977 statute.

The issue decided in the October 23 Order was that "Fay's discharge of Marshall Field's obligations through Article 13 of the Lease constitutes a valid 'prior mutual assent' to novation, creating a new contractual obligation in the 1982 transfer to defendant BAT and resulting in an enforceable gold clause of an 'obligation issued after' the October 27, 1977 effective date of section 5118." Order at 5. Defendants seek clarification of the Court's Order: that is, whether BAT's promise to make payments in gold coin of the "present standard of weight and fineness" means as of July 18, 1929, or August 28, 1982. This Court concluded that the effect of novation was to revive the original gold clause. Thus rent after August 28, 1982 is to be made pursuant to the original lease terms "in lawful gold coin of the United States of America of the present standard of weight and fineness...." Lease, Article II. The "present weight and fineness" means as of July 18, 1929.

Defendants offer several grounds for reconsideration. Most significantly, they argue for the first time that the assignment in 1982 from Marshall Field & Company to BAT Holdings I could not be considered a new contract since it was merely an exchange between different tiers of corporations with the same ownership. The ac-

knowledged purpose of the exchange was to take advantage of federal tax law. The affidavit of David Schechter, Vice President and General Counsel of BATUS, Inc. was submitted in support of reconsideration.[3]

Additionally, defendants argue for the first time that the 1982 assignment was clearly not intended as a novation and should be excused as a "mutual mistake." Any mistake, however, was between defendants, and plaintiff protests any such characterization of the assignment.

■ These "new" facts and theories were clearly available to defendants at the time of the earlier ruling, and defendants had ample time and opportunity to present them to the Court. At the time of its October summary judgment ruling, the Court had before it an undisputed record of assignments between various corporations dating back to 1932. Although defendants vigorously opposed plaintiff's theory of novation, at no time did defendants raise as a defense to novation the corporate relationship between the various lessees or the intent of the assignors/assignees. Defendants in fact agreed that the issues embraced in their motion for dismissal and plaintiff's motion for partial summary judgment could be decided as matters of law.

Defendants now argue that the 1982 assignment constituted no change in beneficial ownership. They now insist that the assignment was merely part of a tax moti-

---

2. Plaintiff requests the Court's entry of judgment pursuant to the October 23 Order for all future rent as it becomes due and payable. Federal Rule of Civil Procedure 54(b) permits entry of final judgment on less than all claims when the court determines "that there is no just reason for delay." This is not, however, an appropriate circumstance in which to invoke Rule 54(b). In its October 23 Order, the Court left open the question of how rent was to be calculated: "The amount of rent owed under the gold clause and the date from which it should accumulate will be determined at trial." Order at 14.

3. Schechter attests to among other things the following events in the life of the corporate defendants:

In 1982, BAT Holdings I, Inc. ("BAT I") was incorporated as a wholly-owned subsidiary of BATUS, Inc. In the same year BAT I acquired all the stock of Marshall Field & Company. In order to take advantage of sections 331(a)(2) and 346(a)(2) of the Internal Revenue Code, Marshall Field & Company and BAT I entered into an Agreement and Plan of Partial Liquidation. Certain assets and liabilities were exchanged between the two corporations, including the lease which is the subject of this litigation.

vated internal corporate restructuring. While this Court knows of no reason why creation of a corporation for tax purposes creates any less of a legal entity for contract purposes, it is not necessary to address this question here. Defendants simply have not raised their arguments or proffered their evidence in a timely fashion. Defendants cannot dash onto the playing field after the final score has been posted, shouting "surprise, the loss doesn't count because we're all the same team!"

■ Summary judgment motions take the place of trials. Motions for reconsideration, therefore, are not justified on the basis of new evidence which could have been discovered prior to the Court's ruling. *See, e.g., Frederick S. Wyle, P.C. v. Texaco, Inc.,* 764 F.2d 604, 605 (9th Cir.1985); *Walker v. Hoffman,* 583 F.2d 1073, 1074 (9th Cir.1978), *cert. denied,* 439 U.S. 1127, 99 S.Ct. 1044, 59 L.Ed.2d 88 (1979); *Keene Corp. v. International Fidelity Ins. Co.,* 561 F.Supp. 656 (N.D.Ill.1982), *aff'd,* 736 F.2d 388 (7th Cir.1984). Moreover, "after thoughts" or "shifting of ground" are not an appropriate basis for reconsideration. *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983), *aff'd,* 770 F.2d 98 (7th Cir.1985). In this instance, defendants are particularly remiss in now offering evidence and legal theories that were clearly within their province at the time of this Court's earlier ruling.

THEREFORE, defendants' motion for reconsideration is DENIED; plaintiff's motion for entry of order of judgment pursuant to Fed.R.Civ.P. 54(b) is DENIED; and plaintiff's motion to strike the Schechter affidavit is GRANTED. The Court, however, recognizes that its Order of October 23, 1986 "involved a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation". 28 U.S.C. § 1292(b) (Supp. 1986).