[No. 17774–5–I.   Division One.   January 13, 1988.]

RONALD L. RICHTER, *Appellant,* v. DONALD J. TRIMBERGER, ET AL, *Respondents.*

*James D. Nelson, Karen M. Sutherland,* and *Betts, Patterson & Mines,* for appellant.

*Robert B. Gould, Anthony C. Eitreim,* and *Gould, Russo, Eitreim & Barrett,* for respondents.

COLEMAN, J.—Ronald L. Richter appeals a trial court judgment awarding attorney's fees to Donald J. and Barbara J. Trimberger. We affirm.

Richter and Trimberger were good friends who had been involved in a kelping operation in Alaska. In the fall of 1977, they discussed forming a partnership or shareholding in the future construction and ownership of a large fishing vessel. In the spring of 1978, Trimberger acquired financing for the *Brittany,* but Richter's application for a loan to become a partner in the venture was not approved. The parties discussed an alternative means for Richter to acquire an ownership interest in the vessel.

In June 1978, Trimberger signed a promissory note as president of Brittany, Inc. That note authorized payment of $15,000 to Richter on or before April 15, 1979, as payment for services to prepare the *Brittany* for the 1978 fall crab fishing season. The parties continued to discuss the means by which Richter could buy into Brittany, Inc. On September 6, 1978, the Trimbergers signed a note authorizing payment of $50,000 to Richter, with interest at the rate of 8 percent per annum from June 15, 1979, until paid. (Exhibit 9.) Richter returned the June note to the Trimbergers. Richter was to complete the carpentry work and fish the upcoming crab season on a shares basis; then, in June 1979, he would have the option to purchase into the corporation. His purchase option would be to take the $15,000 and convert it into equity in the corporation or to take $50,000 in cash.[1] About mid–September the parties

---

[1]The parties' intentions concerning the options are contained in the unchallenged findings of fact 12–16.

"12. The Court finds that what the parties had in mind when Exhibit 9 was signed was to 'fold in' the earlier $15,000.00 promissory note for plaintiff's services which had partially been performed and were to be performed in the future for the construction of the vessel. Plaintiff has testified that upon the signing of plaintiff's Exhibit 9, plaintiff folded in half Exhibit [1] and returned it to the defendants.

"13. The Court finds that plaintiff's Exhibit 9 is ambiguous and susceptible of more than one meaning as to what was intended by the parties by the handwritten language inserted toward the bottom by defendant Barbara Trimberger.

had a dispute because the Trimbergers informed Richter that his wife could not accompany him during the fishing season. Richter stopped work on the vessel. The Trimbergers and Richter agreed that the work Richter had completed on the vessel was worth $12,000. Richter did not participate in the fishing season. In December 1978, the Trimbergers sent a check to Richter for $12,000. Richter refused the check.

On September 2, 1983, Richter filed a complaint seeking $50,000 pursuant to the promissory note with 8 percent interest accumulated from June 1979 and attorney's fees based on the promissory note. The Trimbergers then deposited $12,200 with the clerk of the court. Richter refused the $12,200, and the case proceeded to trial. On December 31, 1985, the trial court denied Richter's claim for $50,000, ruled that Richter was entitled to $12,000 without interest for the value of the work performed, and that the Trimbergers were entitled to costs and attorney's fees. Richter's motion for reconsideration was denied. Richter appeals.

Appellant contends that he was the prevailing party; therefore, he is entitled to attorney's fees. He also contends that the promissory note provided for interest, entitling him to prejudgment interest on the $12,000 judgment.

"14. After hearing all of the testimony, the Court finds that it was the intention of the parties that this document, Exhibit 9, serve as plaintiff's option agreement and, further, as plaintiff's vehicle for compensation for his past services and future services to be performed on the construction of the vessel. The parties intended that plaintiff was to perform the full scope of his services on the construction of the vessel to completion, to fish the upcoming crab season on the vessel on a shares basis at which time, i.e., in June, 1979, plaintiff would have the option at his election to purchase into defendant corporation.

"15. That option would be to either take the $15,000.00 for doing the work on the vessel to completion plus his crew share from the crab season and convert that into equity in the corporation or, alternatively, take the $50,000.00 in cash.

"16. The Court finds that defendants Trimberger wanted a partner, someone to work with them on the vessel. The Court finds that the defendants' interpretation concerning the document (plaintiff's Exhibit 9) is more likely true than not."

The dispositive issue in this appeal is whether the trial court erred in awarding attorney's fees to respondents when a money judgment was entered in favor of appellant.

The rule in Washington is that attorney's fees may be awarded only when there is a contractual, statutory, or recognized equitable basis. *Miotke v. Spokane,* 101 Wn.2d 307, 338, 678 P.2d 803 (1984). RCW 4.84.330[2] authorizes the award of attorney's fees where a contract specifically provides that attorney's fees shall be awarded to one of the parties.

> Where a contract specifically provides that attorney's fees incurred to enforce the contract shall be awarded to one of the parties, the prevailing party shall be entitled to reasonable attorney's fees. RCW 4.84.330. "Prevailing party" means the party in whose favor final judgment is rendered. RCW 4.84.330. . . .

*Silverdale Hotel Assocs. v. Lomas & Nettleton Co.,* 36 Wn. App. 762, 773, 677 P.2d 773, *review denied,* 101 Wn.2d 1021 (1984).

In the instant case, the September 1978 agreement (exhibit 9) contained the following provision: "If this note shall be placed in the hands of an attorney for collection or if suit shall be brought to collect any of the principal or interest of this note I promise the pay a reasonable attorney's fee." In a recent decision, our Supreme Court held that that identical language in a promissory note required that the provision be enforced in favor of the prevailing party under RCW 4.84.330. *Singleton v. Frost,* 108 Wn.2d 723, 729-30, 742 P.2d 1224 (1987). Thus, the issue in this case is whether the trial court erred when it determined that respondents were the prevailing party.

---

[2]RCW 4.84.330 provides:

"In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements."

▮ A prevailing party is one against whom no affirmative judgment is entered. *Andersen v. Gold Seal Vineyards, Inc.,* 81 Wn.2d 863, 868, 505 P.2d 790 (1973). Appellant contends that since he received a judgment for $12,000, he is the recipient of an affirmative judgment and therefore entitled to attorney's fees. His argument, however, ignores the peculiar nature of this case. In his amended complaint, appellant sought recovery under the September 1978 promissory note and claimed entitlement to attorney's fees pursuant to the provisions of that note. The trial court, however, held that he was not entitled to any recovery under the 1978 note. The trial court found that there were conditions precedent that had to be satisfied before appellant was entitled to recover the $50,000. Those conditions precedent had not been met because appellant discontinued work on the vessel prior to its completion and did not participate in the fishing season. Therefore, appellant was only entitled to the $12,000 that he and respondents had agreed upon as compensation for construction work he had completed on the vessel. Since respondents tendered the $12,000 to appellant, appellant was never denied the use of that money. Appellant did not achieve anything at trial that had not been offered to him prior to trial; therefore, he was not the prevailing party. Accordingly, the trial court did not err in denying appellant attorney's fees.

It also follows that the trial court was correct in awarding attorney's fees to respondents. Appellant's claim was based on the September 1978 promissory note which included a clause awarding him attorney's fees if he brought an action on the note. Under RCW 4.84.330, a unilateral attorney's fees clause like the one in the instant case is reciprocal; the prevailing party is entitled to attorney's fees. *Singleton,* at 729–30. Therefore, respondents are entitled to attorney's fees because they successfully defended the action on the note. *See Herzog Aluminum, Inc. v. General Am. Window Corp.,* 39 Wn. App. 188, 197, 692 P.2d 867 (1984).

We next consider whether appellant was entitled to prejudgment interest on the $12,000 judgment. At trial, appellant argued that he was entitled to interest because the promissory note on which he based his claim provided for interest at the rate of 8 percent. The trial court, however, found the note unenforceable and awarded $12,000 to appellant based on an oral agreement between appellant and respondents that the value of the work appellant had completed was $12,000. Thus, appellant was not entitled to prejudgment interest based on the provisions of the promissory note.

Appellant also is not entitled to statutory prejudgment interest because he had access to the money at all times. Prejudgment interest is granted to compensate the party for the loss of use of the money to which he was entitled. *See* D. Dobbs, *Damages—Equity—Restitution* § 3.5, at 164 (1973). Respondents tendered the $12,000, which all parties had agreed was the value of the services appellant had rendered, and appellant refused to accept the money. After appellant filed his claim, respondents again tendered the judgment amount into the registry of the court and appellant again refused to accept the funds. Thus, because appellant had access to the amount due, he was not entitled to prejudgment interest.

Appellant further argues that because the tender was conditional, he is entitled to prejudgment interest. To establish the conditional nature of the tender, appellant submits a letter that accompanied the first check from respondents in December 1978, in which respondents characterized the amount as accord and satisfaction for all claims. Appellant, however, did not raise this issue at trial. He submitted the letter for the first time in his motion for reconsideration. Because the trial court could not on reconsideration consider new evidence that could have been discovered prior to the trial court's ruling, appellant's argument of conditional tender and the evidence to support it is not properly before this court. CR 59(a)(4). *See also Fay Corp. v. BAT Holdings I, Inc.,* 651 F. Supp. 307, 309

(W.D. Wash. 1987). Even if this court were to consider the issue of conditional tender, appellant's argument fails because respondents deposited the amount due in the court registry without condition.

Respondents have requested attorney's fees and costs on appeal. Because they were entitled to attorney's fees below, they are also entitled to attorney's fees on appeal. *West Coast Stationary Eng'rs Welfare Fund v. Kennewick*, 39 Wn. App. 466, 477, 694 P.2d 1101 (1985). Attorney's fees in the amount of $4,757 pursuant to respondents' RAP 18.1 affidavit are awarded, together with costs.

The judgment is affirmed.

SCHOLFIELD, C.J., and GROSSE, J., concur.