896 F.2d 1227
 The FAY CORPORATION, Plaintiff-Appellee/Cross-Appellant,
v.
FREDERICK & NELSON SEATTLE, INC., and BAT Holdings I Inc.,
Defendants-Appellants/Cross-Appellees.
 Nos. 88-3985, 88-3988 and 88-4064.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 4, 1989.
Decided Feb. 28, 1990.
 
 John C. Grosz, Solinger, Grosz and Goldwasser, New York City, for defendants-appellants/cross-appellees.
 Hall Baetz, Davis, Wright and Jones, Seattle, Wash., for plaintiff-appellee/cross-appellant.
 Appeal from the United States District Court for the Western District of Washington.
 Before WALLACE, PREGERSON and ALARCON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The parties contest the enforceability of a "gold clause" in a 99-year lease executed in 1929, and the allocation of adjusted rent liability under the clause. Fay Corporation filed a complaint in Washington state court seeking increased rents under the lease and its gold clause. Defendants-Appellants Frederick & Nelson Seattle (F & NS) and BAT Holdings I (BAT I) removed the case to federal court.
 
 
 2
 The district court efficiently disposed of the convoluted common law and statutory issues in a series of thorough and thoughtful opinions. 646 F.Supp. 946 (W.D.Wash.1986) recon. denied, 651 F.Supp. 307 (1987), 682 F.Supp. 1116 (W.D.Wash.1988). The court found the gold clause in the commercial lease to be enforceable. Though Congress had passed legislation in 1933 prohibiting enforcement of contractual terms tying contract value to the gold standard, 48 Stat. 112, 113 (1933) (formerly codified at 31 U.S.C. Sec. 463), Congress determined in 1977 that obligations entered into after 1977 would be enforceable. 31 U.S.C. Sec. 5118(d)(2) (1983). The district court found that the 1982 lease transaction which transferred the leasehold interest from a previous tenant to defendant-appellee BAT I actually constituted a novation. The court concluded that this novation was a new obligation for the purposes of Sec. 5118(d)(2).
 
 
 3
 In a Solomon like analysis, the court then ruled that the appellee-landlord was entitled to adjusted rents against the appellant-tenant F & NS, but had waived its right to adjusted rents against appellant-tenant BAT I.
 
 
 4
 We agree with the district court in all respects, with one qualification. We do not believe that the Fay Corporation evinced sufficient intent, under Washington law, to waive its rights against BAT I for increased rents. See Wagner v. Wagner, 95 Wash.2d 94, 621 P.2d 1279, 1284 (1980) ("to constitute a waiver, other than by express agreement, there must be unequivocal acts or conduct evincing an intent to waive"). Nevertheless, as we do believe that Fay was estopped from collecting those rents under the district court's alternative estoppel theory, the result remains unchanged. Board of Regents v. Seattle, 108 Wash.2d 545, 553, 741 P.2d 11 (1987) ("Silence coupled with knowledge of an adverse claim will estop a party from later asserting an inconsistent claim.").
 
 
 5
 The district court is therefore AFFIRMED.