[No. 14906-1-II.   Division Two.   September 14, 1993.]

RONALD A. POWELL, as *Trustee, Appellant,* v. ALVIN KEITH RINNE, ET AL, *Respondents.*

*Leslie O. Stomsvik,* for appellant.

*John R. Stichman* and *Marsh, Stichman & Higgins,* for respondents.

SEINFELD, J. — Ronald Powell brought an action in Pierce County Superior Court for a public sale of real property in lieu of forfeiture, pursuant to the Real Estate Contract Forfeiture Act, RCW 61.30.120. The trial court denied Powell's request for a public sale and dismissed his complaint. Powell appeals. We affirm the trial court.

In November of 1983, Powell purchased a piece of real property from Alvin and Della Rinne. The parties entered into a real estate contract which set the purchase price of the property at $98,000. Powell's payment record under the contract was inconsistent and, over the years, the Rinnes initiated several forfeiture actions. Each time, however, Powell was able to cure his defaults and retain possession of the property.

In the summer of 1990, Powell was once again in default and the Rinnes began forfeiture proceedings on July 30, 1990. The Real Estate Contract Forfeiture Act (Act), RCW 61.30.070(1)(e), allowed Powell 90 days to cure the default and avoid a declaration of forfeiture.

On the 90th day, unable to raise the amount necessary to cure, Powell filed a complaint seeking an order of public sale in lieu of forfeiture as permitted under RCW 61.30.120.[1]

The Rinnes moved to dismiss Powell's complaint, contending that the fair market value of the property did not substantially exceed the unpaid and unperformed obligations secured by the contract, and a public sale of the property was not warranted.[2] In an affidavit filed with the trial court, Alvin Rinne stated the $98,000 purchase price was "top dollar" and, having "spoken with a number of people in the area of the property who are knowledgeable and involved in real estate matters" and being "familiar with the real estate market in the area of the subject property", the property had a value of $75,000 to $80,000.

The Rinnes also provided the trial court with records disclosing Powell's sporadic payment history. The trial court found that the unpaid amount secured by contract plus priority liens totaled $77,491.04.

---

[1] The relevant portion of RCW 61.30.120 provides:

"(1) Except for a sale ordered incident to foreclosure of the contract as a mortgage, a public sale of the property in lieu of the forfeiture may be ordered by the court only as provided in this section. Any person entitled to cure the default may bring or join in an action seeking an order of public sale in lieu of forfeiture. . . .

"(2) An action under this section shall be commenced by filing and serving the summons and complaint before the declaration of forfeiture is recorded. . . . After the commencement of an action under this section and before its dismissal, the denial of a request for a public sale, or the vacation or expiration of an order for a public sale, the declaration of forfeiture shall not be given or recorded. . . .

"(3) If the court finds the then fair market value of the property substantially exceeds the unpaid and unperformed obligations secured by the contract and any other liens having priority over the seller's interest in the property, the court may require the property to be sold after the expiration of the time for cure in whole or in parcels to pay the costs of the sale and satisfy the amount the seller is entitled to be paid from the sale proceeds. . . ."

[2] The public sale protection provided by RCW 61.30.120 gives some purchasers protection not available at common law. Under the public sale provision, a purchaser who has substantial equity in the property can recover the property value over and above the amount owed to the seller. *See* Hume, *The Washington Real Estate Contract Forfeiture Act*, 61 Wash. L. Rev. 803, 812 (1986).

Although Powell disputed the total unpaid amount, he did not offer a different figure.[3] Powell also challenged Rinne's $75,000 to $80,000 valuation of the property with his own affidavit and the affidavit of his attorney. Powell's attorney pointed to tax assessments and urged the court to apply a "rule of thumb" to value the property "in excess of $100,000". In his own affidavit, Powell stated he had "been in the real estate business for many years and it is my feeling that the value of this piece of property will exceed $100,000."

On the day of the hearing on Powell's complaint for a public sale, 8 months after the Rinnes had filed their notice of forfeiture, Powell produced an appraisal which apparently valued the property at $130,000.[4] Powell contended the appraisal proved the fair market value of the property substantially exceeded the outstanding obligations.

Counsel for the Rinnes told the trial court that he had first learned of the appraisal the night before and had not seen it until moments before the hearing.[5] The document he received was a photocopy of an appraisal prepared by an individual unknown to the Rinnes or their counsel, with no information as to the "appraiser's" qualifications. Furthermore, according to the Rinnes' attorney, the appraisal was an unsworn statement, not an affidavit. Counsel for the Rinnes moved to strike the document and asked the trial court to determine the fair market value of the property from the affidavits previously submitted.

---

[3]The $77,491.04 apparently includes, perhaps inappropriately, $8,948.73 still owed by the Rinnes on an underlying real estate contract. However, Powell did not contest the use of this figure by the trial court for the purpose of evaluating his claim that the fair market value of the property substantially exceeded the sum of the contract obligations. Thus, we also use the $77,491.04 total as we perform our analysis.

[4]The parties did not provide the appraisal to this court as part of the record on appeal.

[5]CR 6(d) requires opposing affidavits to be served not later than 1 day before the hearing.

The trial court denied Powell's request for sale of the property, dismissed the complaint, and awarded the Rinnes their attorney fees and costs. It determined that Powell had failed to provide sufficient evidence to establish that the fair market value of the property substantially exceeded the unpaid and unperformed obligations. In a supplemental order, the trial court specified the evidence it considered in reaching its ruling. While the trial court evaluated the affidavits filed by the parties and attorneys, it did not consider the appraisal offered by Powell. The trial court explained it did not consider the Powell appraisal because it was not timely served, not in proper form, not competent evidence and because the court had inadequate information concerning the appraiser's credentials. Even if it had considered the appraisal, however, the trial court was not convinced Powell made a sufficient showing of value substantially in excess of obligations. Finally, regardless of the value of the property or the outstanding obligations, in light of Powell's poor payment record, the trial court noted it had exercised its discretion to refuse to order public sale and dismiss the complaint.

On appeal Powell contends the evidence before the trial court supported an order of sale, and the trial court erred in dismissing his complaint. We disagree.

The decision to order a sale under the Act is within the sound discretion of the trial court. *See* RCW 61.30.120(3); *In re Marriage of Greenlee*, 65 Wn. App. 703, 707, 829 P.2d 1120, *review denied*, 120 Wn.2d 1002 (1992); *State v. Burri*, 87 Wn.2d 175, 183, 550 P.2d 507 (1976) (use of "may" in statute makes trial court's decision discretionary). As a result, this court reviews the trial court's disposition of a case under the Act only for abuse of discretion. *Burri*. We find abuse of discretion only if discretion is exercised in a manifestly unreasonable manner or on untenable grounds. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). After reviewing the record in this case, we find no reason to disturb the trial court's ruling.

■ The trial court had before it two valuations of the property, $75,000 to $80,000 and "in excess of $100,000"; the court concluded neither figure substantially exceeded the unpaid and unperformed obligations of approximately $77,000. The term "substantially exceed" is not defined in the statute. However, when we consider the general framework of RCW 61.30, the Real Estate Contract Forfeiture Act, we conclude the Legislature did not intend to impose the burden of a public sale on the contract seller unless the public sale was likely to produce a significant benefit to the purchaser or a lienholder.

The Act sets out the following procedure for public sale. Following public notices for not less than 4 weeks, the sale is conducted by the sheriff at the courthouse. The property is sold for cash to the highest bidder. RCW 61.30.120(3), (4)(h). From the proceeds, the seller receives all sums unpaid under the contract and other costs and expenses provided for in the contract, subject to any offsets or damages to which the purchaser is entitled. RCW 61.30.120(3). If the seller is the successful bidder, the seller may offset against the purchase price the amount he is entitled to receive. RCW 61.30.120(6). Proceeds of the sale are first applied to the costs and expenses of sale. RCW 61.30.120(6). The court clerk holds any excess proceeds in the name of the purchaser, but lien claims extinguished by the sale attach to the surplus. Finally, a public sale satisfies all obligations secured by the contract, regardless of the sale price or fair value. The seller cannot later obtain a deficiency decree. RCW 61.30.120(9).

Upon reviewing this scheme, it is apparent that a public sale is slower and more cumbersome than a nonjudicial foreclosure. Although the seller is the most burdened by the delay, he or she receives the least benefit.

In order to avoid useless delay and protect the seller, the trial court, prior to ordering a public sale, must determine that there is a very high likelihood the proceeds of the sale will not only fully compensate the seller, but will also pro-

duce some surplus: hence, the origin of the statutory requirement of a fair market value substantially in excess of obligations. Here, even if the trial court accepted Powell's conclusionary assertion that the value "will exceed $100,000", it was not an abuse of discretion to conclude that a fair market value approximately 20 percent in excess of the outstanding obligations did not provide a sufficient cushion to warrant a public sale.

Powell maintains the trial court erred when it did not consider the eleventh-hour appraisal. Again, we disagree. The trial court listed a number of reasons to explain why it excluded the appraisal. Powell has not provided us with the disputed appraisal or with a basis to conclude the trial court acted unreasonably or on untenable grounds when it did not consider the evidence. *See Codd v. Stevens Pass, Inc.*, 45 Wn. App. 393, 405-06, 725 P.2d 1008 (1986) (admission of relevant evidence within sound discretion of trial court), *review denied*, 107 Wn.2d 1020 (1987).

Furthermore, in commenting on the various equitable considerations underlying its decision to dismiss the case, the trial court properly recognized that its discretion under the Act extends beyond a comparison of fair market value and outstanding obligations. Even if the court had determined the value of the property substantially exceeded the obligations, the statute does not mandate the trial court to order a sale in all circumstances. Here, the record before the trial court shows Powell had an abysmal payment record; this was the third forfeiture action; he had not paid the taxes for 3 years; and through various assurances and maneuvers, he was able to delay the 90-day statutory forfeiture proceedings for two-thirds of a year. Given all these factors, we cannot say the trial court abused its discretion in denying the public sale in lieu of forfeiture.

The Rinnes were awarded attorney fees below and they are similarly entitled to reasonable fees on appeal, provided

they comply with the requirements of RAP 18.1. *Richter v. Trimberger*, 50 Wn. App. 780, 786, 750 P.2d 1279 (1988).

The trial court properly dismissed Powell's complaint and the Rinnes are entitled to continue with forfeiture proceedings.

Affirmed.

ALEXANDER, C.J., and PETRICH, J. Pro Tem., concur.