[No. 19774-3-III.   Division Three.   November 20, 2001.]

FRED H. MAGNUSSEN, ET AL., *Appellants*, v. DAVID E. TAWNEY, ET AL., *Defendants*, CLAUDE W. EDWARDS, ET AL., *Respondents*.

*R. Max Etter, Jr.* (of *Witherspoon, Kelley, Davenport & Toole, P.S.*), for appellants.

*Patrick M. Risken* (of *Evans, Craven & Lackie, P.S.*), for respondents.

BROWN, J. — Following a CR 68 offer to settle for $40,000, Fred and Eleaner Magnussen received $37,070 in damages

from a jury for Claude and Marydith Edwards' breach of a commercial lease. The Magnussens appeal the trial court's denial of their request for attorney fees and costs under the lease and its award of postoffer fees and costs to the Edwards, both based upon the trial court's interpretation and application of CR 68. Because the Magnussens prevailed in their contract claim and the trial court incorrectly concluded the Magnussens' judgment was not more favorable than the offer due to its failure to include point-of-offer attorney fees and costs under the contract, we reverse.

## FACTS

The Magnussens leased commercial property to Claude and Marydith Edwards, who in turn sublet the property to David and Virginia Tawney. In June 1998, the Magnussens filed a lawsuit against the Tawneys and Edwards for breach of the commercial lease. The Edwards filed a counterclaim against the Magnussens, and a cross-claim against the Tawneys. Later, the Tawneys filed bankruptcy and were dismissed from the lawsuit.

The lease provided for costs, including attorney fees incurred in pursuing any remedies. In November 1999, the Edwards submitted a CR 68 settlement offer to the Magnussens, offering to allow a judgment to be taken against the Edwards in the amount of $40,000. The offer did not specify if it was intended to settle the Edwards' counterclaim, or if it was inclusive of costs and fees. No settlement was reached within 10 days of the offer or later. In September 2000, a jury rejected the Edwards' counterclaim and found for the Magnussens, awarding $37,070.

Then, both parties moved for an award of costs, including attorney fees. The trial court rejected the Magnussens' request for costs and attorney fees and, upon reconsideration, awarded the Edwards their postoffer costs, including attorney fees, in an amount over $31,000. The Magnussens appeal the award of attorney fees and denial of their own request for costs and fees.

## ANALYSIS

The issue is whether the trial court erred by deciding the Magnussens did not prevail on their lease claims and concluding the Magnussens' judgment was, under CR 68, "not more favorable" than the Edwards' settlement offer.

■ While the determination of the prevailing party has been described as a mixed question of law and fact, the issue is reviewed under the error of law standard. *Eagle Point Condo. Owners Ass'n v. Coy*, 102 Wn. App. 697, 706, 9 P.3d 898 (2000) (citing *Sardam v. Morford*, 51 Wn. App. 908, 911, 756 P.2d 174 (1988)).

Under CR 68, a defendant may submit "an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued." The rule goes on to provide that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." CR 68.

■ ■ The Magnussens correctly argue a trial court comparing a verdict to a CR 68 offer should "compare comparables." *See Wilkerson v. United Inv., Inc.*, 62 Wn. App. 712, 717, 815 P.2d 293 (1991) (court should compare the verdict for compensatory damages with an arbitrator's award of compensatory damages, exclusive of attorney fees and costs, in determining whether a party was able to improve his position for purposes of MAR 7.3). In other words, a CR 68 offer that includes attorney fees should be compared with a verdict that also includes attorney fees if the prevailing party is entitled to attorney fees.

■ CR 68 is a cost-shifting device, not a fee-shifting device. *Eagle Point*, 102 Wn. App. at 707. Generally, "costs" do not include attorney fees unless the statute or agreement states otherwise. *Eagle Point*, 102 Wn. App. at 707; *Sims v. KIRO, Inc.*, 20 Wn. App. 229, 238, 580 P.2d 642 (1978); *Fiorito v. Goerig*, 27 Wn.2d 615, 619, 179 P.2d 316 (1947) (the term "costs" does not include attorney fees absent a statute or agreement providing otherwise). In this case, the

contract defines costs as including attorney fees.

■ The Edwards' CR 68 offer did not specifically indicate attorney fees were included as part of the offer. Under the lease, the fees to the time of the offer were recoverable costs for the Magnussens. Unless otherwise stated, a CR 68 offer includes "costs" therein. CR 68. Therefore, the trial court erred by failing to add the accrued fees and costs to the verdict before deciding whether the Magnussens had improved their position over the offer.

The Magnussens contend that their preoffer fees and costs exceeded $9,000. If this is true, they would have been required to subtract those fees from the $40,000, thus reducing their recovery to approximately $31,000, an amount below the verdict. On the other hand, after the verdict, the Magnussens were entitled as prevailing party under the lease, to receive the judgment award and apply for and receive their entire costs and attorney fees, including the amount accrued at the time the Edwards made the CR 68 offer.

In sum, when comparing comparables, the court should have determined the Magnussens' reasonable preoffer attorney fees and costs and added that figure to the verdict. This final judgment could then be compared to the Edwards' CR 68 offer to determine if the Magnussens had improved their position at trial.

In *Eagle Point*, the plaintiffs were awarded damages pursuant to a statute allowing reasonable attorney fees to the prevailing party and the plaintiffs' damages were less than the CR 68 offer; the defendant requested fees and costs as the prevailing party. The *Eagle Point* court reasoned the plaintiffs were the prevailing party because they were awarded a judgment. *Eagle Point*, 102 Wn. App. at 709-10. And, as the prevailing party, they were entitled to their attorney fees pursuant to the statute. *Id.* at 710. Under *Eagle Point*, the correct way to determine a plaintiff's final judgment is to add the attorney fees (here, the preoffer amount) to the damages awarded and compare this figure to the CR 68 offer. *Id.*

■ Although the *Eagle Point* court was concerned with attorney fees provided by statute instead of a contract, its reasoning is persuasive. CR 68 was intended to provide an incentive for parties to settle, and a disincentive to protracted, needless litigation. The incentive and disincentive is provided by granting a defendant postoffer costs when a plaintiff's position at the time of the offer is not improved at trial. In order to make this comparison the court must first determine the plaintiff's position at the time of the offer.

Based upon the unchallenged verdict, the Magnussens were damaged at the time of the offer in the amount of $37,070. In addition, at the time of the offer, the Magnussens had also incurred costs and attorney fees, which they claim exceeded $9,000.

The Edwards argue the trial court was correct in concluding they were the prevailing party. The Edwards' reliance on *Richter v. Trimberger*, 50 Wn. App. 780, 750 P.2d 1279 (1988), is misplaced due to different facts. There, the plaintiff sued on a promissory note containing an attorney fee provision. At the commencement of the lawsuit, the defendant offered to settle for $12,200 and placed this amount in the court registry. The trial court ultimately entered a judgment in favor of the plaintiff for $12,000, but awarded attorney fees under the note to the defendant after concluding that the defendant was the prevailing party. In doing so, the court noted the plaintiff "did not achieve anything at trial that had not been offered to him prior to trial; therefore, he was not the prevailing party." *Richter*, 50 Wn. App. at 784.

This case is different because the Edwards' offer was not made at the beginning of the lawsuit, but 16 months later after the Magnussens had incurred attorney fees and costs. On this point, the *Eagle Point* court reasoned:

> In this case, by contrast, the [plaintiffs'] complaints about the quality of the construction were not resolved by early agreement. They maintained their lawsuit at considerable expense, including not only attorney fees but also the fees paid to their consultant, for over two years before [the defendant]

made his $40,000 offer of judgment. To impose the *Richter* result in these circumstances would be unjust.

*Eagle Point*, 102 Wn. App. at 709.

■ By prevailing here, the Magnussens are, under the lease, entitled to their costs and attorney fees for this appeal. On remand, assuming the Magnussens establish at least $2,931 of costs and fees accrued when the offer was made, the trial court can determine the award for this appeal when deciding the award for costs and attorney fees to the Magnussens as prevailing party. While the Magnussens argue their fees at the critical time exceeded $9,000, more than the necessary difference, it is a matter for the trial court to decide.

Finally, the Edwards argue any fees awarded to the Magnussens should be in proportion to the claims on which they succeeded. *Marassi v. Lau*, 71 Wn. App. 912, 917, 859 P.2d 605 (1993). The trial court did not address this issue. We decline to address it here for the first time. RAP 2.2(a)(1).

## CONCLUSION

We hold that the trial court erred in concluding that the Magnussens' judgment was, under CR 68, less favorable than the Edwards' settlement offer.

Reversed and remanded for proceedings consistent with this opinion.

KURTZ, C.J., and SWEENEY, J., concur.