IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| LEWIS RUDOLPH; MORGAN, FAMILY AND ESTATE, | ) ) ) | No. 32609-8-III |
| Appellants, | ) ) | |
| v. | ) ) ) | UNPUBLISHED OPINION |
| STEVEN P. ADAMS and JANE DOE ADAMS, et al., | ) ) ) | |
| Respondents. | ) ) | |

BROWN, J. — Lewis Rudolph; Morgan purchased real property from Steven P. Adams on contract. After Mr. Morgan stopped making payments, his interests in the property were forfeited under chapter 61.30 RCW. Mr. Morgan, pro se, then sued Mr. Adams, his wife, Christie L. Adams and their attorney, Chris A. Montgomery, requesting the court set aside the forfeiture. The trial court dismissed the complaint. On appeal, Mr. Morgan, pro se, contends the trial court overlooked Washington real estate contract law, failed to find Mr. Adams breached the parties' contract, failed to consider conflicts of interest, and wrongly permitted Mr. Adams to be late to a hearing. Finding no abuse of discretion, we affirm.

FACTS

On May 25, 2000, Mr. Morgan purchased real property from Mr. Adams in Ferry County for $60,000 on a contract. Mr. Morgan provided a down payment of $25,361.78 and Mr. Adams agreed to carry the remaining balance of $34,638.22 at 8.5 percent interest. Mr. Morgan would pay $265 monthly "until principal and interest are paid in full." Clerk's Papers (CP) at 223. The parties' contract provided if Mr. Morgan failed "to make payments" then Mr. Adams "[m]ay declare a forfeiture by written notice" and that Mr. Morgan would "forfeit to [Mr. Adams] as liquidated damages, all payments made hereunder, and immediately surrender possession of said premises." CP at 225.

On August 24, 2000, Mr. Adams quitclaimed the property for security purposes and assigned a portion of his interest in the parties' contract to Erwin Bell and Kathryn Bell. The Bells later assigned their joint interest to Mr. Bell as trustee of the Kathryn E. Bell Q-Tip Trust. When the assigned portion of the real estate contract was satisfied, the contract was reassigned to Mr. Adams on August 6, 2012. Mr. Morgan continued making payments on the contract during this time.

In June 2013, Mr. Morgan ceased making payments. Pursuant to chapter 61.30 RCW, Mr. Adams filed a notice of intent to forfeit because Mr. Morgan was in default for failing to make payments from July 2013 to December 2013.

On May 5, 2014, Mr. Morgan filed a pro se complaint entitled "Notice of Assignment of Actions and Request for Notice of TRIAL DATE Scheduling (if Needed)." CP at 2. Mr. Adams successfully requested dismissal. The court found Mr. Adams

2

No. 32609-8-III
*Morgan v. Adams*

"was entitled to forfeit the contract pursuant to the terms and conditions of the Real Estate Contract and RCW 61.30 et. seq." CP at 281-82. Mr. Morgan appealed.

ANALYSIS

A. Forfeiture

The issue is whether the trial court erred in dismissing Mr. Morgan's complaint seeking to set aside the forfeiture of the parties' real estate contract.

Preliminarily, we note both parties attach documents to their opening briefs, some of which are not in our record. RAP 10.3(a)(8) provides, "An appendix may not include materials not contained in the record on review without permission from the appellate court." Additionally, Mr. Morgan assigns error to the trial court permitting "the defendants to be more than 20 minutes late without notice to plaintiff." Appellant's Br. at 3. But he fails to provide argument in the analysis section of his brief concerning this assigned error; thus this error is not properly before us and will not be addressed. *See Smith v. King*, 106 Wn.2d 443, 451-52, 722 P.2d 796 (1986) (when party presents no argument in their opening brief on any claimed assignment of error, the assignment of error is waived.) Finally, Mr. Morgan incorrectly states in his opening brief "this matter was STAYED by commissioner's office." Appellant's Br. at 4. While Mr. Morgan filed a motion for a stay at the time he filed his brief, our commissioner had not yet ruled on his motion. On June 12, 2015, our commissioner did deny his request to stay property disposition until a decision here, and ruled the matter should be addressed at the trial

3

court. Considering we now decide Mr. Morgan's appeal, his recently filed motion to modify the commissioner's ruling is moot.

Turning to the merits of this appeal, Mr. Morgan mainly argues the trial court erred in not setting aside the forfeiture and dismissing his complaint. We review the trial court's Real Estate Contract Forfeiture Act, chapter 61.30 RCW, disposition for abuse of discretion. *Powell v. Rinne*, 71 Wn. App. 297, 301, 857 P.2d 1090 (1993). We will not interfere with that exercise of discretion, unless it appears from the record that the court abused its discretion. Discretion is abused if it is exercised without tenable grounds or reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Relevant here, the act provides a declaration of forfeiture may be set aside solely when "the person bringing the action establishes that the seller was not entitled to forfeit the contract at the time the seller purported to do so or that the seller did not materially comply with the requirements of this chapter." RCW 61.30.140(4)(b). Here, the parties' contract states if Mr. Morgan failed "to make payments" then Mr. Adams "[m]ay declare a forfeiture by written notice" and that Mr. Morgan would "forfeit to [Mr. Adams] as liquidated damages, all payments made hereunder, and immediately surrender possession of said premises." CP at 225. Mr. Morgan was in default for failing to make monthly payments; thus, under the terms of the contract, Mr. Adams was entitled to forfeiture under RCW 61.30.140(4)(b).

Mr. Morgan argues the assignment to the Bells amounted to a breach of contract voiding the parties' contract and eliminating Mr. Adams' forfeiture right. This issue is

4

improperly raised for the first time on appeal. *See* RAP 2.5(a)(3) (in general, an error must be manifest and affect a constitutional right to be raised for first time on appeal.) Moreover, no clause in the parties' contract restricts assignments.[1] Thus, Mr. Adams' assignment to the Bells did not limit his right to forfeiture after Mr. Morgan defaulted.

Mr. Morgan baldy asserts the Bells had a conflict of interest because they, allegedly, own the title company that facilitated the contract payments and that Mr. Adams wrongly requested forfeiture based on abandonment. RAP 10.3(a)(6) requires appellant to support issues presented for review with argument, citations to legal authority, and references to relevant parts of the record. These contentions are unfounded, lack legal and factual support, and, consequently, are without merit.

Lastly, Mr. Morgan seeks relief under chapter 62A.9 RCW (Uniform Commercial Code (UCC)) to support his argument the forfeiture should be set aside. Article 9 of the UCC, however, does not apply to transfers of interests in real property. *Carbon v. Spokane Closing and Escrow, Inc.*, 135 Wn. App. 870, 879-80, 147 P.3d 605 (2006). Thus, Mr. Morgan's argument is unpersuasive.

Considering all, the trial court had tenable grounds to deny Mr. Morgan's request to set aside the forfeiture. Therefore we conclude, the trial court did not abuse its discretion in dismissing Mr. Morgan's complaint.

---

[1] Additionally, the parties' residential purchase and sale agreement limits solely the buyer's right to assign interest in the contract, not the seller's. This agreement is not included in this court's record; thus, it is not referenced above.

No. 32609-8-III
*Morgan v. Adams*

B. Attorney Fees

Mr. Adams requests attorney fees based on RCW 4.84.330. Under this statute, the prevailing party in an action to enforce or defend a contract is entitled to attorney fees and costs. The parties' contract provides, "In the event of any lawsuit between the parties to this contract to settle issues arising hereunder, the prevailing party shall recover judgment against the other party for a reasonable attorney's fee." CP at 226. Mr. Adams has prevailed. Therefore, subject to his compliance with RAP 18.1(d), we grant Mr. Adams reasonable costs and attorney fees incurred in this appeal.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Siddoway, C.J.

Lawrence-Berrey, J.

6