NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

POINTE 16 COMMUNITY ASSOCIATION, *Plaintiff/Appellant*,

*v.*

GTIS-HOV POINTE 16, LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 23-0747
FILED 07-09-2024

Appeal from the Superior Court in Maricopa County
No. CV2022-009451
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED**

COUNSEL

Israel & Gerity PLLC, Phoenix
By Kyle A. Israel
*Counsel for Plaintiff/Appellant*

Schern Richardson Finter PLC, Mesa
By Aaron Matthew Finter
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Jennifer M. Perkins and Chief Judge David B. Gass joined.

---

**J A C O B S**, Judge:

**¶1** Pointe 16 Community Association ("the HOA") appeals the superior court's grant of summary judgment in favor of K. Hovnanian ("Hovnanian") on its claim for breach of the implied warranty of workmanship and habitability. The HOA also appeals the superior court's denial of its request for leave to amend its complaint. We affirm, because the HOA's: (1) theories it could sue in its own name for breach of the implied warranty fail, because it is not a condominium association and it failed to bring a homeowners association dwelling action under A.R.S. § 33-2001 *et seq.*; (2) attempt to assert its members' claims for breach of the implied warranty fail because those claims were not assignable; and (3) request for leave to amend its complaint violated Arizona Rule of Civil Procedure 15.

## FACTS AND PROCEDURAL HISTORY

**¶2** Pointe 16 Townhomes is a residential community comprising 67 residences owned by individual homeowners located in Phoenix, Arizona. Hovnanian developed and sold the residences to individual home buyers. The purchase contracts for the homes in Pointe 16 contain a non-assignment provision barring homeowners from assigning or transferring their rights under those contracts without Hovnanian's written consent. That provision reads:

> **B. Successors and Assigns**. In view of the credit qualifications, processing and other personal matters considered hereunder, this Agreement and the rights of Buyer hereunder may not be assigned or transferred by Buyer voluntarily, involuntarily, or by operation of law without first obtaining Seller's written consent, which may be withheld in Seller's sole and absolute discretion.

¶3            Hovnanian created the HOA under A.R.S. § 10-3101 to manage the Pointe 16 community on behalf of the residents. Hovnanian conveyed ownership of the common areas of the community to the HOA. The declaration of covenants and restrictions ("the Declaration") establishing the HOA require it to maintain the common areas and the dwelling unit exteriors, which include the walls, stucco, facades, and roofs of the homes.

¶4            The HOA discovered defects to community structures in 28 of the 67 units as well as the common areas.  The HOA filed suit against Hovnanian in two counts:  Count 1 was a purchaser dwelling action under A.R.S. § 12-1361, while Count 2 was a claim for breach of the implied warranty of workmanship and habitability.  Hovnanian moved to dismiss, alleging the HOA's complaint failed to comply with the A.R.S. § 33-2002, which requires HOAs to get approval from the HOA board of directors and members, as well as provide notice and opportunity to repair to the seller. The HOA responded, arguing "A.R.S. § 33-2002 Is Inapplicable" because the HOA does not own the homes, so that its action was not an HOA dwelling action under A.R.S. § 33-2001 *et seq*.  Ultimately, the court declined to consider the motion to dismiss because Hovnanian failed to comply with Arizona Rule of Civil Procedure 12(j).

¶5            Relevant here, Hovnanian moved for summary judgment, arguing (1) A.R.S. § 12-1361 does not establish an independent cause of action, and (2) the HOA had no right to enforce implied warranties with respect to the common area or portions of the homeowners' homes.  The HOA claimed it had the right to sue over construction defects in the common area, relying on A.R.S. § 33-1242(4), which governs condominium associations.  The HOA argued that A.R.S. § 33-2001 illustrated that a condominium association, which it claimed to be, had the right to sue over common areas and home exteriors.  The HOA also claimed the right to sue for defects in home exteriors because many (but not all) of Pointe 16's homeowners had assigned their implied warranty claims to the HOA.

¶6            The superior court granted Hovnanian's motion.  The court rejected the HOA's theory that it could sue Hovnanian under A.R.S. § 33-1242(4), reasoning that "Pointe 16 is not a condominium community."  The court explained that "real estate is not a condominium unless the undivided interests in the common elements are vested in the unit owners," A.R.S. § 33-1202(10), while here, the HOA owns the common areas.  The court explained that in some circumstances an HOA could bring a homeowners' association dwelling action under A.R.S. § 33-2001, but that the HOA had failed to do so here.  Finally, the court ruled that the HOA could not bring

a purchaser dwelling action for defects in homes, and that the homeowners' contracts barred assignment to the HOA for the homeowners' claims for those defects. The HOA moved for reconsideration, asking the court to conceive of its suit as a homeowners' association dwelling action under A.R.S. § 33-2001. The court denied the motion.

¶7        We have jurisdiction over the HOA's timely appeal under A.R.S. § 12-2101(A)(1) and Article 6, Section 9 of the Arizona Constitution.

## DISCUSSION

¶8        We review grants of summary judgment *de novo*. *Neptune Swimming Found. v. City of Scottsdale*, 256 Ariz. 497, 505 ¶ 23 (2024). Summary judgment was appropriate if there were no genuine disputes of material fact. *Id.*; Ariz. R. Civ. P. 56(a). We review the denial of a motion for leave to amend a complaint for an abuse of discretion. *Swenson v. Cnty. of Pinal*, 243 Ariz. 122, 128 ¶ 21 (App. 2017).

¶9        The HOA appeals the grant of summary judgment as to its Count Two, for breach of the implied warranty. The HOA argues it has right to sue in its own name for construction defects in both the unit exteriors and the common area because: (1) A.R.S. § 33-2002 allows it to bring a homeowners association dwelling action; and (2) the homeowners assigned their implied warranty claims to the HOA. The HOA also argues the court abused its discretion by denying its request for leave to amend its complaint.

I.    **The Claims the HOA Brings on its Own Behalf Fail Because the HOA Is Not a Condominium Association, and the HOA Failed to Bring a Homeowners Association Dwelling Action Under A.R.S. § 33-2001(5).**

   A.    **The Superior Court Correctly Ruled That the HOA Is Not a Condominium Association.**

¶10        The parties agree in this court that the HOA is not a condominium association. The HOA resisted summary judgment on the theory that it was a condominium association, stating "[t]he evidence is undisputed and contrary to [Hovnanian's] fact-free assertion that the Project is not a condominium," and "[h]ere, Defendants created a condominium . . . ." From those premises, the HOA argued it had the right to sue under A.R.S. § 33-1242(4), which governs condominium associations.

¶11 On appeal, the HOA abandons its attempt to claim condominium association status, making only one reference to A.R.S. § 33-1242(4), while suggesting Hovnanian improperly focused the argument there. For its part, Hovnanian agrees with the superior court that A.R.S. § 33-1242(4) "does not apply to" the HOA. We agree with both parties' briefs in our court and the superior court's ruling: the HOA's ownership of the common areas of Pointe 16 means Pointe 16 is not a condominium community. The condominium association statute provides no basis upon which the HOA could recover from Hovnanian for any breach of the implied warranty in either the common area or the unit exteriors.

### B. The HOA Did Not Bring a Homeowners' Association Dwelling Action, and Waived Any Argument That It Did.

¶12 The HOA argues it was error to grant Hovnanian summary judgment because the HOA has a right under A.R.S. § 33-2001(5) and § 33-2002 to bring a homeowners' association dwelling action complaining of construction defects, including those arising from breach of the implied warranty. Hovnanian argues that no statute authorizes the HOA to bring such a claim. We do not have to resolve that dispute today, because even assuming A.R.S. § 33-2001 and its associated statutes work just as the HOA argues in this court, the HOA failed to litigate such a claim, as several points illustrate.

¶13 *First*, the HOA's complaint never references A.R.S. § 33-2001 *et seq.*, or claims to have complied with the requisites to suit under it.

¶14 *Second*, the HOA disclaimed in a response to a motion to dismiss (in an argument heading, no less) that "A.R.S. § 33-2002 Is Inapplicable." *See First Financial Bank, N.A. v. Claassen*, 238 Ariz. 160, 164 ¶ 18 (App. 2015) ("Waiver is the intentional relinquishment of a known right."). While Hovnanian did not move for summary judgment that the HOA had not brought a homeowners' association dwelling action under A.R.S. § 33-2001 *et seq.* – a theory the HOA now champions on appeal – that is understandable, given the HOA's renunciation of it months earlier.

¶15 *Third*, in resisting Hovnanian's summary judgment motion, the HOA unmistakably claimed to be a condominium association, not a homeowners' association, thus renouncing this legal theory again. *See First Financial Bank*, 238 Ariz. at 164 ¶ 18.

¶16 *Fourth*, while the HOA's motion for reconsideration abandoned its theory that it was a condominium association and claimed to exercise a HOA's right to bring a homeowners association dwelling

action under A.R.S. § 33-2001 *et seq.*, the change of position failed as a matter of law because the motion for reconsideration (a) did not claim that the HOA pleaded such a theory, and (b) was not a chance to offer new or inconsistent legal theories the HOA could have, but failed to, raise. *See Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987).

**¶17** *Fifth*, because the HOA failed to argue that it was litigating a homeowners association dwelling action under A.R.S. § 33-2001 *et seq.* until after the entry of summary judgment against it, that argument is waived. *See Odom v. Farmers Ins. Co. of Arizona*, 216 Ariz. 530, 535 ¶ 18 (App. 2007) (explaining that arguments raised for the first time on appeal are waived). The superior court correctly granted summary judgment for Hovnanian on the claims it asserted on its own behalf.

## II.    The Homeowners Cannot Assign to the HOA Implied Warranty Claims for the Parts of Their Homes the HOA Maintains.

**¶18** The HOA argues it can enforce the implied warranty on behalf of the homeowners because most of the homeowners assigned to the HOA (albeit during the pendency of the HOA's suit) their rights to sue. According to the HOA, the non-assignment provision of the purchase contracts does not apply because implied warranty rights originate in common law, not contracts. Hovnanian argues implied warranty rights are assignable under *Highland Vill. Partners, L.L.C. v. Bradbury & Stamm Constr. Co.*, 219 Ariz. 147, 150 ¶ 12 (App. 2008), and thus, by implication, may also be subject to non-assignment provisions, like other contract rights.

**¶19** Hovnanian is correct. While the implied warranty is judge-made, as the HOA points out, the implied warranty is nonetheless incorporated into a contract as an implied term. *Zambrano v. M & RC II L.L.C.*, 254 Ariz. 53, 59 ¶ 14 (2022) (explaining we "impute the implied warranty . . . into all contracts between builder-vendors and homebuyers as a matter of common law."). Because they are part of the contract, "a party's rights under an implied warranty of workmanship and habitability" may be assigned unless the assignment itself is "validly precluded by contract." *Highland*, 219 Ariz. at 150 ¶¶ 11, 12. The HOA does not suggest the non-assignment provision is invalid. As such, the homeowners were

precluded from assigning to the HOA their rights to enforce the implied warranty.[1]

### III.    The Superior Court Did Not Abuse its Discretion by Denying the HOA's Request for Leave to Amend its Complaint.

**¶20**        The HOA claims the superior court erred by not granting it leave to amend its complaint.  The HOA's request to amend was not made by a separate motion, but was raised on pages 9 and 10 of its response to Hovnanian's motion for summary judgment.    There, the HOA conditionally requested leave to amend, so that if it did not survive summary judgment, it sought "leave to add express warranty claims against [Hovnanian's] subcontractors."

**¶21**        The HOA's request did not comply with Arizona Rule of Civil Procedure 15.  Under that rule, "[a] party moving for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion."  Ariz. R. Civ. P. 15(a)(4).  Also, "[t]he exhibit must show the respects in which the proposed pleading differs from the existing pleading by bracketing or striking through the text to be deleted and underlining the text to be added."  *Id.*  The HOA did not attach a proposed pleading, much less one containing brackets and strike-throughs, nor did it file a motion seeking leave.  The superior court did not abuse its discretion by following the mandatory language of Rule 15 and denying the HOA leave to amend.  *See Swenson*, 243 Ariz. at 128 ¶ 21.

---

[1]  This result is entirely consistent with *Richards v. Powercraft Homes, Inc.*, 139 Ariz. 242, 245 (1984), which explained that the implied warranty passes from a home's original purchaser to later owners of homes.  Here, the homeowners retain both their ownership interests and their own rights to enforce the implied warranty, and the right to enforce the implied warranty will pass to each of successive owner of their homes.

## CONCLUSION

**¶22**      For the foregoing reasons, we affirm.  We award Hovnanian its costs on appeal, subject to its compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV